IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VLSI TECHNOLOGY, LLC,<br>*Plaintiff,* | § § § | |
| -vs- | § § | CIVL NO. 6:19-CV-000254-ADA |
| | § | CIVL NO. 6:19-CV-000255-ADA |
| INTEL CORPORATION,<br>*Defendant.* | § § § § | CIVL NO. 6:19-CV-000256-ADA |

**ORDER DENYING IN PART AND GRANTING IN PART INTEL CORPORATION'S
MOTION TO DISMISS CLAIMS FOR DIRECT AND INDIRECT INFRINGEMENT
AND ENHANCED DAMAGES BASED ON WILLFUL INFRINGEMENT UNDER
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

Before the Court is Intel Corporation's Motion to Dismiss Claims for Direct and Indirect Infringement and Enhanced Damages Based on Willful Infringement Under Federal Rule of Civil Procedure 12(b)(6). Dkt. Number 40. VLSI Technology, LLC filed its Response on June 17, 2019. Dkt. Number 46. Intel filed its Reply on June 24, 2019. Dkt. Number 48. The Court heard arguments from both Parties on Intel's Motion on July 31, 2019. After considering all related pleadings and the relevant law, the Court is of the opinion that Intel's Motion should be denied in part and granted in part for the following reasons.

The Court turns first to Intel's argument that VLSI's claims of indirect infringement should be dismissed.[1] Intel's argument turns, at least in part, on whether Intel was willfully blind to the existence of certain patents. The Court finds that Intel's policy that forbids its employees from reading patents held by outside companies or individuals is insufficient to meet the test of willful blindness. However, the Court does not believe that VLSI's claims of indirect infringement should be dismissed with prejudice. Instead, the Court believes that the best course

---

[1] The Court is addressing only VLSI's claims of indirect infringement prior to the filing of the Delaware lawsuit where the patents were asserted.

of action to take is the one that it suggested at the hearing. Specifically, that the Court will dismiss VLSI's claims of indirect infringement *without prejudice* to the refiling of these claims after discovery has been conducted. The Court intends to be very liberal in the discovery that it will allow VLSI to conduct. For example, VLSI may do discovery into its belief that Intel has been provided with notice of unasserted NXP patents, and the reasons for Intel's failure to ascertain information about the patents asserted in this litigation. If after VLSI has taken discovery it decides to amend its complaint to make allegations of indirect infringement, it will be free to do so, subject to the provisions of Rule 11. Intel can then file a motion for summary judgment with respect to that issue if it wishes to do so.

The same holding applies to the issue of enhanced damages based on willful infringement. The Court will dismiss VLSI's claims for enhanced damages based on willful infringement *without prejudice* to the refiling of these claims after discovery has been conducted. As stated before, the Court intends to be very liberal in the discovery that it will allow VLSI to conduct. After VLSI has taken discovery, it may decide to amend its complaint to include enhanced damages based on willful infringement. Intel may also file a motion for summary judgment with respect to this issue if it wishes to do so. With respect to Intel's argument that VLSI's claims of direct infringement should be dismissed, the Court finds that Intel's argument is without merit; therefore, it will deny Intel's Motion with respect to VLSI's claims of direct infringement.

Because of the reasons stated above, the Court finds that Intel Corporation's Motion to Dismiss Claims for Direct and Indirect Infringement and Enhanced Damages Based on Willful Infringement Under Federal Rule of Civil Procedure 12(b)(6) should be **DENIED IN PART** and **GRANTED IN PART**. It is therefore **ORDERED** that VLSI's claims for indirect infringement

and enhanced damages based on willful infringement are **DISMISSED WITHOUT PREJUDICE**. Any relief not specifically granted in this Order is **DENIED**.

**SIGNED** this 6th day of August 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE