**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>    Plaintiff,<br>  v.<br><br>INTEL CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No. 6:21-cv-00057-ADA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>PLAINTIFF VLSI TECHNOLOGY LLC'S OPPOSITION TO INTEL CORPORATION'S
"RENEWED MOTION TO CONTINUE TRIAL"</u>**

10912799

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................1

II. DISCUSSION .....................................................................................................3

    A. Trial Can Be Conducted Safely In February..........................................3

    B. The Court Has Already Found VLSI Will Be Prejudiced By A Continuance And A Continuance On The Eve Of Trial Would Be Even More Prejudicial..........................................................................6

    C. Intel Has Neither Demonstrated Prejudice Sufficient To Warrant Another Continuance, Nor That The Requested Continuance Is Likely To Prevent The Alleged Prejudice Or Save Resources .........................7

III. CONCLUSION....................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Argonaut Ins. Co. v. Manetta Enters., Inc.*,
   No. 19-CV-00482 (PKC) (RLM), 2020 WL 3104033 (E.D.N.Y. June 11, 2020) ...........................................................................................................................8

*Grupo Petrotemex, S.A. De C.V. v. Polymetrix AG*,
   No. 16-cv-2401 (SRN/HB), 2020 WL 4218804 (D. Minn. July 23, 2020) ...............9

*Guardant Health Inc. v. Found. Med. Inc.*,
   No. 17-1616-LPS-CJB, 2020 WL 6120186 (D. Del. Oct. 16, 2020).........................8

*Hammond Dev. Int'l, Inc. v. Google LLC*,
   No. 1:20-cv-00342-ADA, 2020 WL 3452987 (W.D. Tex. June 24, 2020) ...............9

*Hardy v. Johns-Manville Sales Corp.*,
   681 F.2d 334 (5th Cir. 1982) ......................................................................................8

*In re Intel Corp.*,
   No. 2021-111, Dkt. 3 (Fed. Cir., filed Jan. 4, 2021) ..................................................6

*McCoy v. Goldston*,
   652 F.2d 654 (6th Cir. 1981) ......................................................................................8

*Milazzo v. Young*,
   No. 6:11CV350, 2012 WL 1867099 (E.D. Tex. May 21, 2012) ...............................2

*In re RFC & ResCap Liquidating Tr. Action*,
   444 F. Supp. 3d 967 (D. Minn. 2020)........................................................................8

*Skaggs v. Otis Elevator Co.*,
   164 F.3d 511 (10th Cir. 1998) ....................................................................................8

*Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*,
   No. 17-1390-LPS-CJB, 2020 WL 3605623 (D. Del. July 2, 2020)...........................8

*Thompson v. Madison Cty. Bd. Of Educ.*,
   476 F.2d 676 (5th Cir. 1973) ......................................................................................8

*Warger v. Shauers*,
   574 U.S. 40 (2014)......................................................................................................8

**Rules**

Fed. R. of Civ. P. 43(a) ........................................................................................................8

**I.     INTRODUCTION**

Despite the fact that the trial in this matter has already been continued multiple times, on the eve of trial, and with the trial teams for both sides having already relocated to Waco, Intel has filed yet another meritless motion seeking to prevent this case from being decided on the merits. Intel's motion for reconsideration (styled as a "renewed motion") raises only one material new fact—namely, that COVID-19 transmission rates in Texas *have dropped by approximately half* since the Court denied Intel's last motion and ordered trial in Waco. Far from supporting reconsideration, this new fact underscores that the Court got it right when it found that it is safe to proceed with trial. Intel's motion for reconsideration is a baseless attempt to delay the trial and to prejudice VLSI.

As detailed in prior VLSI filings, Intel has persistently sought to delay a resolution of the merits of this case, including through at least four recent, unsuccessful motions to stay and to continue the trial in this matter, both here and at the Federal Circuit, and also unsuccessfully seeking a writ of mandamus to prevent the Court from moving forward with trial. Now Intel is back again, asking for reconsideration of the Court's order finding that it is safe to proceed with trial in Waco. However, Intel does not provide any new reason why it would allegedly be unsafe to hold a trial in Waco starting in February, nor why it will somehow be safe to hold a trial in April. Intel also provides no expert testimony in support of either point, instead relying on attorney declarations.

By contrast, VLSI's expert, Dr. Troisi, an epidemiologist with over 40 years of experience, has personally inspected the Waco Courthouse and opines in a new declaration that a February trial in Waco may be "conducted safely with very minimal risk of SARS-CoV-2 transmission" and that

"the lower COVID-19 prevalence in Waco and around the country since December further mitigates any risk of SARS-CoV-2 transmission." Troisi Decl. II, ¶ 4.[1]

In short, as repeatedly found by this Court, a trial can be conducted safely in February 2021, and even more so with the extra precautions the Court has adopted. *See, e.g.,* D.I. 408 at 8; D.I. 421; *see also* Troisi Decl. I, ¶¶ 3, 48, 55-56, 59; Troisi Decl. II, ¶ 4; D.I. 421. Intel presents no new evidence showing that the Court should reconsider its prior findings. Indeed, as Intel admits, the situation in Texas is ***materially safer*** now, and the future status of COVID-19 and its emerging variants are unknown. Thus, there are no changed circumstances, nor any other circumstance that would make reconsideration appropriate here. *See Milazzo v. Young*, No. 6:11CV350, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012).

Likewise, Intel's arguments that two of its witnesses may be unavailable to appear in person are not new. Intel raised these exact arguments, without naming the witnesses, in its prior motion to continue. D.I. 366-02, ¶¶ 3, 7. Intel's motion posits that continuing the trial to April ***might*** allow the two Intel witnesses to appear in person. However, Intel does not assert that either of the witnesses will actually attend trial if it is moved to April, nor has Intel offered any credible reason to conclude that either witness will be materially more able to appear in person in April. Nor has Intel shown that either witness is critical to Intel's case or that having them testify remotely will have any negative impact on Intel. Moreover, and in any event, the Court already considered this exact issue in Intel's prior motion to continue and found that it does not warrant a further continuance.

Similarly, Intel's arguments that trial will be safer in April due to vaccine distribution "within the next 100 days" are both incorrect and also completely at odds with Intel's request for a "brief

---

[1] "Troisi Decl. I" refers to D.I. 391-01. "Troisi Decl. II" refers to the Declaration of Catherine Troisi, Ph.D., dated February 16, 2021 submitted with this opposition.

continuance" until April (which is far less than 100 days away). Intel's motion incorrectly assumes that vaccines will be broadly available by April and will be immediately effective once taken, even though this is contrary to fact. Ex. 1. Further, even when vaccines do become widely available, it is anticipated that a significant portion of the population will decline them. Troisi Decl. I., ¶ 36; Troisi Decl. II, ¶ 4. And emerging research is showing that the current vaccines are not effective against all COVID-19 variants. Troisi Decl. II, ¶ 4; Ex. 2. Accordingly, there is no basis to conclude that continuing the trial to April will make a material difference. Troisi Decl. II, ¶ 4.

Intel also incorrectly contends that VLSI would not be prejudiced by a last-minute continuance. Intel flatly ignores the Court's numerous orders finding that a continuance will prejudice VLSI. *E.g.,* D.I. 352 at 6; D.I. 408 (citing D.I. 352). Intel also disregards that VLSI and the Court have made extensive preparations for the trial. And Intel ignores that both parties' trial teams have already traveled to Waco from multiple other states, are already inhabiting (at least in VLSI's case) non-refundable accommodations, and that (at least in VLSI's case) witnesses have already booked travel arrangements for the trial as well. Intel's proposal that the parties and their respective trial teams (most of whom have travelled to Waco from out of state) return home now, and then come back in two months, is completely illogical and would clearly increase (rather than decrease) each team's potential exposure to the virus. Simply put, another continuance at this late date would be manifestly prejudicial to everyone but those with a strategic interest in delay. For all of these reasons, and as discussed below, Intel's motion for reconsideration should be denied.

## II.    **DISCUSSION**

### A.    **Trial Can Be Conducted Safely In February**

With COVID-19 infection rates dropping to about *half* of what they were at the time of the Court's order retransferring the case to Waco and scheduling trial to begin in February, Intel can no longer argue that trial should be postponed because COVID-19 infection rates are rising. Troisi

Decl. II, ¶ 4 fn.1.  Instead, Intel now argues that the trial should be postponed because infection rates have *fallen*.  Intel contends that trial is unsafe in February but will be safe in April, apparently based on Intel's unsupported assumption that infection rates may fall even further by April.  Intel's shifting positions underscore the tactical goal of Intel's motion: to further delay a resolution of the merits, regardless of which direction COVID-19 infection rates are heading.

As set forth in VLSI's prior submissions to this Court (D.I. 390, D.I. 391, D.I. 400, D.I. 404) and herein incorporated, there is no merit to Intel's position that a continuance to April will make the trial materially safer.  VLSI's expert Dr. Troisi has previously testified that if proper safety protocol is followed, a trial in Waco "can be conducted safely with very minimal risk of SARS-CoV-2 transmission."  Troisi Decl. I, ¶ 3.  Dr. Troisi has also considered the changing COVID-19 landscape and opines in a new declaration submitted with VLSI's opposition that a February trial in Waco may be "conducted safely with very minimal risk of SARS-CoV-2 transmission" and that "the lower COVID-19 prevalence in Waco and around the country since December further mitigates any risk of SARS-CoV-2 transmission."  Troisi Decl. II, ¶ 4.

This Court and other federal courts in Texas have safely conducted more than twenty federal jury trials with safeguards less stringent than those approved by the Court in this case. D.I. 421.  The one trial which resulted in an infection did not occur in Waco, did not occur in a courthouse configured with the safety measures instituted by this Court, and did not utilize many of the precautions proposed by VLSI and approved by the Court for this trial.  Troisi Decl. I, ¶¶ 50-59; D.I. 421.  Intel's citation to other courts' decisions to postpone trials due to COVID-19 has no bearing on whether a jury trial may be held safely *in Waco*, which is unique in its size and location.[2]

---

[2] Intel ignores that in Texas, restaurants, retail stores, office buildings, manufacturing facilities, gyms and exercise facilities and classes, museums and libraries, and many other types

Further, Intel ignores the significance of the Chief Judge of the Western District of Texas's express ***allowance*** of jury trials within individual divisions provided that findings are made that a jury trial may be conducted safely—findings that this Court already made. *See* Thirteenth Suppl. Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. Feb. 2, 2021), https://www.txwd.uscourts.gov/wp-content/uploads/2021/02/ThirteenthSupplementalOrderCOVID020221.pdf (visited Feb. 10, 2021) (just extending without material change the prior orders); D.I. 408.

In particular, this Court already found—at a time when COVID-19 infection rates in Waco and the surrounding areas (and the country at large) were materially higher than they are today—that a trial could proceed safely in January and/or February. D.I. 408. Now with infection rates halved, the Court's prior findings are shown to be clearly correct. But Intel's motion for reconsideration flatly ignores these facts, and instead relies on a declaration discussing COVID-19 risks from two months ago, submitted by a witness who has apparently never even been to the Waco courthouse. (Mot. at 1-3.)

Intel's contention that the trial would be safer in April because of additional vaccine distribution is a rehash of arguments this Court already considered and rejected, and is directly undermined by at least the following facts: (1) vaccines continue to be in short supply, and that will still be true in April and beyond, (2) a significant portion of the public will decline the vaccine even when it is widely available, and (3) vaccines take time (roughly six weeks from the first shot) to be fully effective, and new research indicates that the current vaccines, or at least many of them, are not effective against all strains of COVID-19. In short, today there is even *less* reason to believe that

---

of government and commercial buildings and operations are open at reduced capacity for operation *without* the additional safety precautions adopted by this Court.

moving the trial to April will make a material safety difference than there was when the Court denied Intel's prior motion that is the subject of this motion for reconsideration.

### B. The Court Has Already Found VLSI Will Be Prejudiced By A Continuance And A Continuance On The Eve Of Trial Would Be Even More Prejudicial

The Court has already found that "because the trial dates for the -00255 and -00256 cases are two and four months, respectively, after the trial date for the -00254 case, delaying the trial date of the -00254 case not only delays the trial date of that case, but it has a multiplicative effect by delaying the trial dates of the other two cases by the same amount of time." D.I. 352 at 6. The Court further found that "because patents have a limited term, the Court does not believe it should unnecessarily delay a trial date, especially when an alternate venue is available." *Id.*

Intel ignores these findings, and offers the self-serving assertion that a further continuance of the trial date will cause no prejudice to VLSI because such a continuance would only be "brief." (Mot. at 4-5.) But Intel is wrong. Continuing the trial at the last minute, after VLSI's trial team has already relocated to Waco and VLSI's witnesses have made travel arrangements, would be extremely prejudicial to VLSI, far more so even than when the Court made its prior findings.[3] Furthermore, it is virtually assured that if the Court were to grant Intel's motion to continue the trial to April (which it should not), that Intel would then be back seeking another continuance once April

---

[3] Intel waited until February 8 to bring its current motion. Intel knew that numerous members of the VLSI team had already travelled to Waco by that date. Moreover, Intel represented to the Federal Circuit that its team too would already have started travelling to Waco for trial by February 8. *See In re Intel Corp.*, No. 2021-111, Dkt. 3 (Fed. Cir., filed Jan. 4, 2021) ("Given that trial in this case is scheduled to begin February 16, 2021 (with trial participants expected to begin traveling to Waco on February 8, 2021 …)"). Hotels, work spaces, and a plethora of other trial-related expenses have already been incurred based on a February trial date, not to mention travel time and time spent preparing for trial. These expenses would all be wasted if the trial is continued at the last minute, to the substantial prejudice of VLSI.

approaches, making the same arguments that it is purportedly not safe to proceed and not safe for its witnesses to travel. This factor weighs heavily against a further continuance.

      **C.    Intel Has Neither Demonstrated Prejudice Sufficient To Warrant Another Continuance, Nor That The Requested Continuance Is Likely To Prevent The Alleged Prejudice Or Save Resources**

Intel argues that it will be prejudiced if the trial proceeds in February because two of its witnesses may choose not to travel to Texas due to COVID-19 concerns and may instead testify remotely via video. As discussed above, the Court considered and rejected this same argument in Intel's prior motion to continue. D.I. 366-02 at ¶¶ 3, 7.

Intel's motion for reconsideration notably fails to argue that continuing the trial until April would even solve the purported problem—*i.e.*, Intel is offering no assurances that either of the two witnesses will attend trial in person if the Court were to continue trial to April. Instead, Intel hints that there is a better *chance* that either or both witnesses *might* attend in person if the trial were continued to April, assuming that there is no pandemic at that time. (Mot. at 5 ("Absent the pandemic, Intel would present these witnesses live.").) However, on its face, there is no reason to conclude that moving the trial to April will make any material difference for these two witnesses– for example, if Intel's expert receives his first dose of the vaccine as soon as he becomes eligible in a "couple of months" as Intel argues (setting aside the question of whether the vaccine will be available to him as soon as he becomes eligible), it would be at least *late May* until he is fully vaccinated. (Mot. at 5 fn.2.) Similarly, Intel has not shown or even argued that the orders which purportedly limit a fact witness's ability to travel from Israel, (Intel Exs. 59-61), will be lifted by April. Respectfully, Intel's speculation about these two witnesses potentially being more available in April is not a valid or sufficient reason to continue a trial of this magnitude at the last minute. This is even more true here given that Intel has made no showing that either of these two witnesses is

critical to Intel's case, or that having them testify by video will meaningfully diminish the jury's consideration of their testimony.

Intel also offers the speculative and self-serving argument that the jury may be prejudiced against Intel for presenting two witnesses remotely, while the jury has to attend in person." (Mot. at 6.)  This argument is pure makeweight, and has already been rejected by this Court, (D.I. 366), and was also unsuccessfully advanced by Intel in its failed mandamus petition to the Federal Circuit. Remote testimony by certain witnesses is expressly contemplated by the Federal Rules.  *See* Fed. R. of Civ. P. 43(a).  "Given the speed and clarity of modern videoconference technology, where good cause and compelling circumstances are shown, such testimony satisfies the goals of live, in-person testimony and avoids the short-comings of deposition testimony." *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 971 (D. Minn. 2020).[4]

---

[4] Intel cites numerous cases, none of which support Intel's position.  In *Sunoco*, *both* parties wanted to call witnesses who preferred not to travel to trial.  *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, No. 17-1390-LPS-CJB, 2020 WL 3605623, at *1-2 (D. Del. July 2, 2020).  In response, the court found that "all parties will receive a fair trial even with all witness examinations taking place remotely.  While admittedly far from ideal, I believe that skilled trial counsel – using advanced video-conferencing technology – can conduct effective examinations …" *Id.* at *2.  Likewise, in *Guardant*, the court held that it would "adopt[] the parties' suggestions that all witnesses testify remotely" and that it would avoid any risk of unfair prejudice where at "least three" of one party's witnesses "cannot travel."  *Guardant Health Inc. v. Found. Med. Inc.*, No. 17-1616-LPS-CJB, 2020 WL 6120186, at *2, *2 n.3 (D. Del. Oct. 16, 2020). By contrast, here the parties are *not* jointly seeking to call all witnesses remotely, and Intel alleges that at most *two* of its witnesses will not attend in person.  Further, none of the *McCoy, Warger, Skaggs, Hardy*, or *Thompson* cases cited by Intel address the unavailability of witnesses and remote testimony, let alone how to manage the COVID-19 pandemic. *McCoy v. Goldston*, 652 F.2d 654 (6th Cir. 1981); *Warger v. Shauers*, 574 U.S. 40 (2014); *Skaggs v. Otis Elevator Co.*, 164 F.3d 511 (10th Cir. 1998); *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334 (5th Cir. 1982); *Thompson v. Madison Cty. Bd. Of Educ.*, 476 F.2d 676 (5th Cir. 1973).  In the COVID-19 era, courts have routinely found that any prejudice of having a witness testify remotely does *not* outweigh the prejudice or hardships of continuing the proceeding.  *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 970 (D. Minn. 2020) (ordering trial to continue with defendant's expert to testify remotely over defendant's objection and request to postpone last days of trial); *Cf. Argonaut Ins. Co. v. Manetta Enters., Inc.*, No. 19-CV-00482 (PKC) (RLM), 2020 WL 3104033, at *1 (E.D.N.Y. June 11, 2020) (ordering bench trial via video-conference over

Likewise, Intel's argument that continuing the trial would save resources is incorrect and at odds with the facts before the Court. Intel disregards that VLSI and the Court have made extensive preparations for the trial, and that both parties' trial teams have already traveled to Waco, are already inhabiting (at least in VLSI's case) non-refundable accommodations, and that (at least in VLSI's case) witnesses have already made travel arrangements for the trial as well. Intel's proposal that the parties and their respective trial teams return home now, and then come back in two months, and then go home again in the purported interests of safety is completely illogical – it would result in approximately three times the travel and three times the travel-related exposure and costs as compared with proceeding with the trial as scheduled. Moreover, the central premise of Intel's "resources" argument—namely that a mistrial is more likely in February than in April—is purely speculative. As explained above, not only will it be safe to conduct trial starting Tuesday, but there is no basis to believe that moving the trial to April would be materially safer. Troisi Decl. I, ¶¶ 31-40; Troisi Decl. II, ¶ 4. Intel has offered no expert testimony to the contrary.

### III.   CONCLUSION

Intel's last-minute motion for reconsideration seeking (again) to move the trial date lacks merit and should be denied.

---

defendant's objection); *Hammond Dev. Int'l, Inc. v. Google LLC*, No. 1:20-cv-00342-ADA, 2020 WL 3452987, at *4 (W.D. Tex. June 24, 2020) (finding a potential witness's unavailability to testify live not a persuasive factor in transfer analysis); *Grupo Petrotemex, S.A. De C.V. v. Polymetrix AG*, No. 16-cv-2401 (SRN/HB), 2020 WL 4218804, at *3 (D. Minn. July 23, 2020) (finding that that remote depositions imposed smaller risk of danger and hardship and outweighed potential prejudice of conducting depositions remotely).

| | |
|---|---|
| Dated: February 16, 2021 | By:     */s/ Andy Tindel* |

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Brian Weissenberg  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
dslusarczyk@irell.com
etuan@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

*Attorneys for VLSI Technology LLC*

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on February 16, 2021.

                                              /s/  *Benjamin Monnin*
                                                  Benjamin Monnin