```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE WESTERN DISTRICT OF TEXAS
                                WACO DIVISION

VLSI TECHNOLOGY LLC                *
                                   *
VS.                                * CIVIL ACTION NO. W-21-CV-57
                                   *
INTEL CORPORATION                  *     March 2, 2021

       BEFORE THE HONORABLE ALAN D ALBRIGHT, JUDGE PRESIDING
                       JURY TRIAL PROCEEDINGS
                          VOLUME 7 OF 7

APPEARANCES:

For the Plaintiff:        Morgan Chu, Esq.
                          Benjamin W. Hattenbach, Esq.
                          Alan Heinrich, Esq.
                          Ian Robert Washburn, Esq.
                          Amy E. Proctor, Esq.
                          Dominik Slusarczyk, Esq.
                          Charlotte J. Wen, Esq.
                          Jordan Nafekh, Esq.
                          Babak Redjaian, Esq.
                          Irell & Manella, L.L.P.
                          1800 Avenue of the Stars, Suite 900
                          Los Angeles, CA 90067-4276

                          J. Mark Mann, Esq.
                          Andy W. Tindel, Esq.
                          Mann, Tindel & Thompson
                          112 East Line Street, Suite 304
                          Tyler, TX 75702

For the Defendant:        William F. Lee, Esq.
                          Joseph Mueller, Esq.
                          Louis W. Tompros, Esq.
                          Felicia H. Ellsworth, Esq.
                          Jordan L. Hirsch, Esq.
                          WilmerHale
                          60 State Street
                          Boston, MA 02109

                          Mary V. Sooter, Esq.
                          Amanda L. Major, Esq.
                          Wilmer Cutler Pickering Hale Dorr LLP
                          1225 17th Street, Suite 2600
                          Denver, CO 80202
```

```
                           J. Stephen Ravel, Esq.
                           Kelly Hart & Hallman LLP
                           303 Colorado Street, Suite 2000
                           Austin, TX 78701

                           James Eric Wren, III, Esq.
                           Baylor University Law School
                           One Bear Place #97288
                           Waco, TX 76798-7288

Court Reporter:            Kristie M. Davis
                           United States District Court
                           PO Box 20994
                           Waco, Texas 76702-0994
```

     Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

```
08:32   1                (March 2, 2021, 8:32 a.m.)
08:32   2                THE BAILIFF:  All rise.
08:32   3                THE COURT:  Good morning.  Thank you.  You may be seated.
08:32   4        So tell me what we need to wrap up with exhibits.
08:32   5                MS. PROCTOR:  Good morning, Your Honor.  We've been going
08:33   6   over the exhibits, and we think we're very close to final
08:33   7   conclusion of everything this morning.
08:33   8        I don't think there are going to be any disputes for you.
08:33   9   I think we've worked them all out.  I'll let Intel confirm.  We
08:33  10   just have a couple of things we're trying to make sure we have
08:33  11   the correct version in the JERS system, and so we've been going
08:33  12   over those with the Court this morning and we think we can wrap
08:33  13   that up shortly.
08:33  14        There are also a couple where we have a native version
08:33  15   that we plan to submit.  But we can submit those electronically
08:33  16   and if they are not available, the moment the jury starts
08:33  17   deliberating, that is okay.  And --
08:33  18                THE COURT:  Well, let me just say.  For Intel, that's okay
08:33  19   as well?
08:33  20        Look, it's y'all's jury.  If you want to allow them to
08:33  21   pick a foreperson and, you know, do whatever they do in the
08:34  22   first ten minutes when they're all starting to talk while we
08:34  23   are getting the very final minutes taken care of, they may --
08:34  24   are they here?
08:34  25                DEPUTY CLERK:  They voted to start at 8:30.
```

```
08:34  1          THE COURT:  So, I mean, if you all agree that I can allow
08:34  2     them to pick a foreperson right now and get started, I'm all
08:34  3     for that.
08:34  4          MR. MUELLER:  That's fine with us, Your Honor.
08:34  5          MS. PROCTOR:  I think that's fine, Your Honor.  Maybe
08:34  6     let's wait like two more -- I think the most significant thing
08:34  7     we need to figure out is I think Intel submitted all of their
08:34  8     exhibits in hard copy.  And our understanding was that it would
08:34  9     only be a small set of ones that were not available
08:34 10     electronically.  So we want to just parse that down to just the
08:34 11     ones that are not available electronically.
08:34 12          THE COURT:  Well, what I'm asking is:  Can I allow the
08:34 13     jury to do things like pick their foreperson?
08:34 14          MS. PROCTOR:  That's fine, Your Honor.
08:34 15          MR. MUELLER:  Yes, Your Honor.
08:34 16          THE COURT:  Are you okay with Evan going into the jury
08:34 17     room and telling them that they can begin to deliberate?
08:35 18          LAW CLERK:  Melissa is in there.
08:35 19          THE COURT:  Perfect.
08:35 20          MR. MUELLER:  That's fine, Your Honor.
08:35 21          THE COURT:  Perfect.  So I think what you're telling me is
08:35 22     if I will go in the back and you all continue to work, when I
08:35 23     come back out here, I'll be very happy because you will say
08:35 24     we've resolved everything.  And that will be a good thing.
08:35 25          MS. PROCTOR:  That is my hope and expectation, Your Honor.
```

```
08:35   1              THE COURT:  Mr. Mueller, don't ruin my dream.
08:35   2              MR. MUELLER:  That's great, Your Honor.  Just one note.
08:35   3   We're going to be submitting an exhibit list that has stars
08:35   4   next to exhibits that we think should be under seal.  This is
08:35   5   really for the future, not for the jury.  But thank you, Your
08:35   6   Honor.
08:35   7              THE COURT:  Understood.  That's a good idea, though.
08:35   8              MR. MUELLER:  Thank you.
08:35   9              THE COURT:  Anything else that we need to take up?
08:35  10              MS. PROCTOR:  No, Your Honor.
08:35  11              MR. MUELLER:  No, Your Honor.
08:35  12              (Recess taken from 8:35 to 8:59.)
08:35  13              THE BAILIFF:  All rise.
08:59  14              THE COURT:  We have a foreperson.  I'll ask Mr. Mann who
08:59  15   he thinks it'll be.
08:59  16              MR. MANN:  Our middle lady at the front.
08:59  17              MR. MUELLER:  I'm not sure, Your Honor.
08:59  18              THE COURT:  Ms. Joanne Garza is the foreperson.  The note
08:59  19   is at 8:54 a.m.  And they are deliberating.
08:59  20              MR. MUELLER:  Thank you, Your Honor.
09:01  21              (Recess taken from 8:59 to 9:08.)
09:23  22              THE COURT:  Ladies and gentlemen, we have note No. 2.  I
09:24  23   have jury -- it says jury note No. 1.  It's actually jury note
09:24  24   No. 2 because the first one was the one for their foreperson
09:24  25   note.
```

```
09:24   1              But it says, "Could we see Stolarski's deposition?"  And
09:24   2    it's 9:19.  And the answer is, "No, you cannot."
09:24   3              So, actually, just so you know exactly what I said, I
09:24   4    said, "No, we cannot provide it to you."
09:24   5              Just so you know, my practice is if they were to come in
09:24   6    and say we are unclear about a very specific word that someone
09:24   7    said -- not the did or didn't -- but if they had some question
09:24   8    where we could fix it by letting them know just from that
09:24   9    sentence what the word was, I might consider doing that.
09:25  10              But I'm never going to allow them to hear one portion of
09:25  11    the evidence, because then the other -- whoever is unhappy
09:25  12    about that will say, well, they need to hear this also and they
09:25  13    need to hear this and hear this...
09:25  14              So I'm not going to say it this time, but in the future I
09:25  15    will say something along the lines of, you have to do the best
09:25  16    you can.  Rely on your recollection and do the best that you
09:25  17    can.  They are not going to get another shot at any one piece
09:25  18    of evidence.
09:25  19              MR. CHU:  Okay.
09:25  20              THE COURT:  And to those of you who are here for the 9:30
09:25  21    hearing, that clock doesn't work, so I always have to figure
09:25  22    out what time it is.
09:25  23              If we get notes, we'll have to break and have you all come
09:25  24    in, and I will take up your notes just as soon as I get them.
09:25  25              MR. CHU:  Okay.
```

```
09:25   1          THE COURT:  Thank you for coming back in.  We'll take up
09:25   2    the hearing in -- just as soon as I can go and get dressed, and
09:25   3    I'll be right back in.
09:26   4          (Recess taken from 9:25 to 11:15.)
11:15   5          THE COURT:  Okay.  Do I have someone from each side in
11:15   6    here?  I think so.
11:15   7          We have Juror Note No. 2, which doesn't really need to be
11:16   8    addressed by you all.  We got Juror Note No. 2, "Computer
11:16   9    logged out, need someone to log back in, please."
11:16  10          We've done that.  So that's...
11:16  11          Jury Note No. 3, "Unable to find the counsel's '373 and
11:16  12    '759 patent diagrams."
11:16  13          MR. CHU:  I missed the last word.
11:16  14          THE COURT:  Diagrams, which I don't know what that means.
11:16  15    Now, it may -- I don't know what it means.
11:16  16          Mr. Mueller, let me start over for you because you weren't
11:16  17    here.  There's a juror note that they -- their computer timed
11:16  18    out, we've dealt with that.  But this one is -- I don't know
11:16  19    what they mean, "Unable to find the counsel's '373 and '759
11:16  20    patent diagrams."
11:16  21          MR. MUELLER:  Probably, I mean, I'm guessing, but the
11:17  22    magnet boards.
11:17  23          THE COURT:  My guess is those were demonstratives, right?
11:17  24    And I think I told them early on that we would have
11:17  25    demonstratives and that they would not get them.  Didn't I?
```

11:17 1    MR. MUELLER: Yes.
11:17 2    THE COURT: I typically do, but -- so what I'm going to
11:17 3 state here for them is, ladies and gentlemen of the jury, those
11:17 4 were demonstrative exhibits, therefore, you do not get to have
11:17 5 them in the jury room.
11:17 6    MR. MUELLER: Yeah. I just suggest, Your Honor, if you
11:17 7 might add to that you'll to have rely on your recollection.
11:17 8    THE COURT: Oh, I'm happy to do that. Sure. So let me
11:17 9 write this down and then I'll read it to you.
11:17 10   MR. CHU: Mr. Hattenbach had a thought. It's possible but
11:17 11 unlikely they're referring to the figures and that the Court
11:17 12 might say there are figures.
11:17 13   THE COURT: I'm not going to try and discern what they
11:17 14 mean. I'm going to put this and see if they -- if they are
11:18 15 unhappy with this, we'll get another note.
11:18 16   MR. CHU: Okay.
11:18 17   THE COURT: And we actually have a jury foreperson whose
11:18 18 handwriting is worse than mine.
11:18 19   (Laughter.)
11:18 20   THE COURT: It is true. You'll see.
11:18 21   MR. CHU: She could be admitted to medical school.
11:18 22   THE COURT: For the record I'm going to give them a note
11:19 23 that if they can read, it says, "Ladies and gentlemen, these
11:19 24 documents are demonstrative exhibits and, therefore, are not
11:19 25 provided to the jury. Please do your best to use your own

|       |    |                                                                    |
|-------|----|--------------------------------------------------------------------|
| 11:19 | 1  | recollection of what was presented during your deliberations."    |
| 11:19 | 2  | MR. CHU: That's fine with us.                                      |
| 11:19 | 3  | MR. MUELLER: And, Your Honor, these documents or other             |
| 11:19 | 4  | materials and they may be referring to the boards which were      |
| 11:19 | 5  | not documents. I don't know if you can put a --                   |
| 11:19 | 6  | THE COURT: Okay. I'll put, "These documents or materials          |
| 11:20 | 7  | are."                                                              |
| 11:20 | 8  | MR. MUELLER: Perfect, Your Honor. Thank you.                       |
| 11:20 | 9  | MR. CHU: That's fine, Your Honor.                                  |
| 11:20 | 10 | THE COURT: Okay. For those of you who are here on the             |
| 11:20 | 11 | other hearing, I'm going to take a five-minute break. A ten --    |
| 11:20 | 12 | if you all need a break as well. Let's make it a ten-minute       |
| 11:20 | 13 | break, and then we will come back in and we'll hear the final     |
| 11:20 | 14 | motion and we'll wrap up by noon. So everyone is -- you are       |
| 11:20 | 15 | free to stand or not sit or whatever you need to do. Today is     |
| 11:20 | 16 | the 2nd.                                                           |
| 11:20 | 17 | Oh, gentlemen, on the Intel case, I probably need to put a        |
| 11:20 | 18 | court - a response to the note that says, "Computer's logged      |
| 11:20 | 19 | out." I'm going to just put down it's my understanding this       |
| 11:20 | 20 | has been taken care of.                                            |
| 11:21 | 21 | MR. MUELLER: Sounds good, Your Honor.                              |
| 11:21 | 22 | (Recess taken from 11:21 to 12:26.)                                |
| 12:26 | 23 | THE BAILIFF: All rise.                                             |
| 12:26 | 24 | THE COURT: Thank you. You may be seated. We have a                |
| 12:26 | 25 | verdict and the jury is being brought around.                     |

```
12:28   1            THE BAILIFF:  All rise for the jury.
12:28   2            (The jury entered the courtroom at 12:28.)
12:29   3            THE COURT:  You may be seated.
12:29   4            Ladies and gentlemen of the jury, it's my understanding
12:29   5   that you have a verdict.
12:29   6            JUROR:  Yes, sir.
12:29   7            THE COURT:  Okay.  Could you pass it to my marshal,
12:29   8   please?
12:29   9            Thank you very much.
12:29  10            I will now read the verdict into the record.
12:29  11            With regard to literal infringement of the '373 patent,
12:29  12   which the question is:  Has VLSI proven by a preponderance of
12:29  13   the evidence that Intel has literally infringed the following
12:29  14   asserted claims of the '373 patent?
12:29  15            The answer with respect to Claim 1 is yes.
12:29  16            Claim 5 is yes.
12:29  17            Claim 6 is yes.
12:29  18            Claim 9 is yes.
12:29  19            Claim 11 is yes.
12:29  20            With respect to Question 2:  Has VLSI proven by a
12:30  21   preponderance of the evidence that Intel has literally
12:30  22   infringed the following asserted claims of the '759 patent?
12:30  23            With respect to Claim 14, the answer is no.
12:30  24            Claim 17, no.
12:30  25            Claim 18, no.
```

```
12:30   1              Claim 24, no.
12:30   2              Question No. 3, which reads:  Has VLSI proven by a
12:30   3    preponderance of the evidence that Intel has infringed the
12:30   4    following asserted claims of the '759 patent under the Doctrine
12:30   5    of Equivalents?
12:30   6              '759 patent Claim 14, yes.
12:30   7              Claim 17, yes.
12:30   8              Claim 18, yes.
12:30   9              Claim 24, yes.
12:30  10              They have proceeded to Question 4.
12:30  11              The Question No. 4 is, Answer the following questions:
12:30  12    Has VLSI proven by a preponderance of the evidence that Intel's
12:30  13    infringement was willful?
12:31  14              With respect to the '373 patent, the answer is no.
12:31  15              With respect to the '759 patent, the answer is no.
12:31  16              With respect to the question on validity, Question No. 5:
12:31  17    Has Intel proven by clear and convincing evidence that the
12:31  18    following asserted claims of the '759 patent are invalid and
12:31  19    anticipated by the Yonah processor alone?
12:31  20              With respect to Claim 14, no.
12:31  21              Claim 17, no.
12:31  22              Claim 18, no.
12:31  23              Claim 24 is no.
12:31  24              With respect to damages:  What amount -- with respect to
12:31  25    No. 6 for the '373 patent:  What is the amount of damages you
```

```
12:31   1   find VLSI has proven by a preponderance of the evidence for
12:31   2   Intel's past infringement of the '373 patent?
12:31   3           The answer is $1,500,000,000.
12:31   4           With respect to Question No. 7:  What is the amount of
12:32   5   damages that you find VLSI has proven by a preponderance of the
12:32   6   evidence for Intel's past infringement of the '759 patent?
12:32   7           The answer is $675 million.
12:32   8           Question No. 8:  Is the total amount of damages you found
12:32   9   in Questions 6 and 7 a running royalty in the form of a lump
12:32  10   sum for past damages only or a lump sum for all damages?
12:32  11           The answer is:  A lump sum for all damages.
12:32  12           Ladies and gentlemen of the jury -- I believe it's
12:32  13   Ms. Garza; is that correct?  Ms. Garza, you are the foreperson?
12:32  14           JURY FOREPERSON:  Yes.
12:32  15           THE COURT:  I'm now going to ask everyone on the jury who
12:32  16   is in agreement that this is your verdict to please stand.
12:32  17           So I always have this moment where I get choked up.  I'll
12:33  18   get through it.
12:33  19           Your work is so incredibly important to our country's
12:33  20   system of justice.  And I've told you a number of times how
12:33  21   impressed I was and how proud I was of how hard you all worked
12:33  22   to pay attention.  This was not easy stuff, but you all were
12:33  23   here early.  You stayed late.  You paid attention brilliantly
12:33  24   through the entire thing.  And I can't thank you enough for
12:33  25   your service.
```

12:33 1          I will speak on behalf of the counsel and say thank you on
12:33 2     their behalf as well.
12:33 3          So here is what's going to happen now.  You are going to
12:33 4     be dismissed.  I want you to go back to where you were
12:34 5     deliberating.  I'm going to come back and just talk to you for
12:34 6     just a few minutes to personally thank you for your service.
12:34 7          The lawyers do not get to talk to you after the trial, for
12:34 8     reasons I won't go into here.
12:34 9          But here's the way I feel about you all talking about your
12:34 10    service here today.
12:34 11         On the one hand, you're Americans.  You get to talk to
12:34 12    anyone that you want about your service because this is
12:34 13    America.  You don't get to talk about the things that were
12:34 14    sealed.  We don't want you revealing what was sealed because --
12:34 15    but to the extent you want to talk to anyone about your
12:34 16    service, what happened, all that, you're Americans, you get to
12:34 17    do that.  You're Americans.  If you don't want to talk, you
12:34 18    don't have to talk.  And it's entirely up to you.
12:34 19         The lawyers do not get to contact you and ask you anything
12:35 20    about the case.  But again, you're Americans.  You know who the
12:35 21    lawyers are, and if you felt it was important to talk to them,
12:35 22    I can't stop you and won't stop you.  Not encouraging it, I'm
12:35 23    just saying the direction of the communication has to be
12:35 24    100 percent voluntary on your part.  They don't get to contact
12:35 25    you.

12:35  1      But I'm going to come back just because I think it's
12:35  2 important for me to thank you personally for everything that
12:35  3 you've done.  But other than that, you now will never hear me
12:35  4 say again:  You can't discuss the case amongst yourselves.  You
12:35  5 all did a tremendous job in your service to the United States
12:35  6 of America.
12:35  7      Thank you.
12:36  8      THE BAILIFF:  All rise.
12:36  9      (Jury exited the courtroom at 12:36.)
12:36 10      THE COURT:  You may be seated.
12:36 11      Ladies and gentlemen, counsel, again, I've said this
12:36 12 repeatedly throughout the course of the entire trial process
12:36 13 from the time the case was filed through the hearings that we
12:36 14 had.
12:36 15      Every single time I had an interaction with the lawyers on
12:36 16 this case, I was thankful that the President of the United
12:36 17 States put me in this job because I thought, I'm the luckiest
12:37 18 person on the planet to get to have this position and have
12:37 19 lawyers that far exceed any -- whose skill far exceeded any I
12:37 20 ever had hoped to have as a trial lawyer myself.
12:37 21      So from the very beginning of this through now, I want to
12:37 22 thank you from the very bottom of my heart for the conduct of
12:37 23 counsel throughout this.  Your professionalism, your talent,
12:37 24 your quality was exceptional.
12:37 25      Obviously, someone has to win, someone has to lose.  I

12:37  1   will -- but winning or losing is, in this case, no reflection
12:37  2   on the exceptional quality of the lawyers, I thought, the
12:37  3   quality of the witnesses who appeared throughout.
12:37  4         And so again thanking you so very much for the time I got
12:37  5   to share with you presiding over this case.  It was a
12:38  6   phenomenal five or six days for me.  And the great thing for me
12:38  7   is we're all going to be together again soon to do this again.
12:38  8   And I can't tell you how very much I look forward to it.
12:38  9         So you all be safe out there on your way home and --
12:38  10  wherever that may be, west or east, and take the rest of the
12:38  11  day off.
12:38  12        But again, seriously, the lawyering in this case was truly
12:38  13  exceptional and I appreciate it.
12:38  14        THE BAILIFF:  All rise.
12:38  15        (Hearing adjourned at 12:38 p.m.)
       16
       17
       18
       19
       20
       21
       22
       23
       24
       25

1  UNITED STATES DISTRICT COURT )

2  WESTERN DISTRICT OF TEXAS    )

3

4      I, Kristie M. Davis, Official Court Reporter for the

5  United States District Court, Western District of Texas, do

6  certify that the foregoing is a correct transcript from the

7  record of proceedings in the above-entitled matter.

8      I certify that the transcript fees and format comply with

9  those prescribed by the Court and Judicial Conference of the

10 United States.

11     Certified to by me this 8th day of March 2021.

12

13                              */s/ Kristie M. Davis*
                                KRISTIE M. DAVIS
                                Official Court Reporter
14                              800 Franklin Avenue
                                Waco, Texas 76701
15                              (254) 340-6114
                                kmdaviscsr@yahoo.com