**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

|  |  |
|---|---|
| VLSI TECHNOLOGY LLC, | |
| Plaintiff, | |
| v. | **Case No.:** 6:21-cv-57-ADA |
| | ████████████████ |
| INTEL CORPORATION, | |
| Defendant. | |

<u>**PLAINTIFF VLSI TECHNOLOGY LLC'S OPPOSED SUPPLEMENTAL MOTION *IN LIMINE* REGARDING FORTRESS INVESTMENT GROUP LLC**</u>

At the January 20, 2021 Motion in *Limine* Hearing, the Court indicated that ███████ ████████████████████████████████████████████ and asked whether █████████████████████████████████████████████████████████ ██████████████████████ 1/20/2021 Sealed Hr'g Tr. at 14:13-22.  The Court also indicated that there would be no bench conferences.  1/14/2021 Hr'g Tr. at 27:17-28:1.

Accordingly, VLSI brings this supplemental motion to ensure that everyone has a common understanding about how potentially irrelevant and prejudicial references to Fortress Investment Group LLC ("Fortress"), ████████████████████████████████████████ ████████████████████ will be handled during the trial.  This seems particularly important to address in advance because, to date, the overwhelming majority of references Intel has made to Fortress in hearings before the Court, in its experts' reports, in its filings, and in depositions, have in fact been irrelevant, prejudicial, or both.

Under these circumstances, given the above history and the sensitivity of these issues, Intel should be required to pre-clear any testimony or argument that it intends to offer relating to Fortress ████████████████████████████████████████████ before offering it in argument or witness testimony.

For avoidance of doubt, irrelevant and prejudicial references to Fortress include at least that ██████████████████████████████████████████:





Such allegations are not only irrelevant to any of the issues to be tried in the upcoming case, but in some cases completely inaccurate without any basis in fact.  As Intel is well aware, Fortress does not own VLSI. ███████████████████████████████████

---

[1] *E.g.*,  Wen Decl., Ex. 1, Cindy Simpson (VLSI's Chief Technology Officer) Dep. 99:3-13





*See, e.g.*, Wen Decl., Ex. 5, Michael Stolarski (VLSI's Chief

Executive Officer) Dep. 102:6-8, 107:14-22, 108:3-7, 132:17-22.

Even if any of these allegations had any probative value, which they do not, such "probative

value is substantially outweighed by a danger of … unfair prejudice, confusing the issues,

misleading the jury, undue delay, or wasting time." F. ED. R. EVID. 403. And, indeed, any attempts

by Intel to cast Fortress ███████████████████████ and then link Fortress with

VLSI, would be unduly prejudicial, and courts have excluded evidence or argument that would

unfairly link a party to other entities or groups of entities that have a tarnished reputation. *See, e.g.*,

*Securian Fin. Grp., Inc. v. Wells Fargo Bank, N.A.*, 2015 WL 13637330, at *4 (D. Minn. Feb. 10,

2015) (in litigation between investor and investment advisor, excluding evidence about Bear

Stearns under Rule 403).

Intel should be precluded from making any prejudicial allegations regarding ██████

████████████████████████████████████████████ without

first clearing those allegations and testimony with the Court.

Dated: February 9, 2021

By:        /s/ Andy Tindel

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Dominik Slusarczyk (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Brian Weissenberg  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
etuan@irell.com
dslusarczyk@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@swclaw.com
**STECKLER, WAYNE, COCHRAN, CHERRY, PLLC**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

*Attorneys for VLSI Technology LLC*

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff VLSI Technology LLC conferred with counsel for Intel

Corporation regarding this motion, and Intel's counsel indicated that it is opposed to this

motion and the relief requested.

/s/  *Andy Tindel*
Andy Tindel

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered

electronically via email, to all counsel of record, on February 9, 2021.

/s/  *Andy Tindel*
Andy Tindel

10912050