IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VLSI TECHNOLOGY LLC,** *Plaintiff,* § § § | |
| | § 6:21-CV-057-ADA |
| **v.** § § | |
| **INTEL CORPORATION,** *Defendant.* § § § | |

## ORDER DENYING DEFENDANT INTEL'S RULE 59 MOTION FOR NEW TRIAL

Before this Court is defendant Intel Corporation's Motion for a New Trial pursuant to Fed. R. Civ. P. 59. Intel filed its Motion on April 9, 2021. ECF No. 594. Plaintiff VLSI filed its Reply in Opposition on May 7, 2021. ECF No. 606. After reviewing the parties' briefs and the relevant law, the Court is of the opinion that Intel's Motion should be **DENIED**.

### I.   FACTUAL BACKGROUND

Plaintiff VLSI filed its suit for patent infringement on April 11, 2019. ECF No. 1 at 1. In its complaint, VLSI accused Intel of infringing U.S. Patent Nos. 8,156,357 ("the '357 Patent"), 7,523,373 ("the '373 Patent"), and 7,725,759 ("the '759 Patent"). The Court held a jury trial, which concluded on March 2, 2021, with a verdict in VLSI's favor. ECF No. 556. The jury awarded over $2 billion in damages to VLSI, and Intel filed its Motion for a New Trial on March 9, 2021. ECF No. 594.

### II.   STANDARD OF REVIEW

In deciding whether to grant a motion for new trial in a patent case, the law of the regional circuit controls. *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1319 (Fed. Cir. 2014). Accordingly, courts properly grant a motion for a new trial when the movant "clearly establish[es] a manifest error of law" or "present[s] newly discovered evidence." *Simon v. United States*, 891

1

F.2d 1154 (5th Cir. 1990). Likewise, the jury's determination should not be overturned unless "the verdict is against the great weight of the evidence." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998).

Additionally, "mere conflicting evidence or evidence that would support a different conclusion" cannot serve as the basis for a new trial. *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992). Indeed, "[u]nless justice requires otherwise, no error in admitting or excluding evidence –or any other error by the court or a party – is grounds for granting a new trial ... at every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

However, an erroneous jury instruction "may warrant a new trial." *On Demand Mach. Corp. v. Ingram Indus., Inc.*, 442 F.3d 1331, 1337 (Fed. Cir. 2006). In deciding whether to grant a new trial based on an inadequate jury instruction the Court considers whether, using a correct instruction, the jury could have come to only one verdict. *Id.*

### III.  DISCUSSION

**1. No New Trial is Required Because the Court Properly Admitted Probative Evidence and Excluded Irrelevant Evidence.**

**a. The Court Properly Admitted VLSI's Settlement Agreement Evidence.**

Intel urges the Court that it improperly admitted evidence concerning Intel's intellectual property settlement agreement practice, excoriating the testimony as "irrelevant, unfairly prejudicial, and improper rebuttal." ECF No. 594 at 1. Intel further argued that VLSI "[held] back this evidence until after its case-in-chief … allow[ing] VLSI to place large numbers in front of the jury and giv[ing] the false impression of past wrongdoing by Intel." ECF No. 594 at 10. However, the settlement evidence was admitted as proper rebuttal.

At trial, Intel's damages expert offered evidence of licensing agreements Intel believed were comparable to the facts of the situation. ECF No. 606 at 1. In rebuttal, VLSI offered the settlement agreement testimony to explain alleged discrepancies between Intel's claimed licensing practices and other Intel licenses that were markedly higher than Intel's expert divulged. *Id.*

Intel points this Court to *LaserDynamics, Inc. v. Quanta Comput.* to support its argument that the admission of VLSI's rebuttal evidence requires a new trial. ECF No. 594 at 4 – 5; 694 F.3d 51 (Fed. Cir. 2012). However, *LaserDynamics* stands for the proposition that non-comparable settlement agreements cannot support an opinion regarding a specific dollar amount of damages a party is entitled to. 694 F.3d at 77–78. This rule, however, does not extend to the prohibition of non-comparable agreements from lending further context to a party's IP licensing practice. *See Id*; *see also Intel Corp. v. Tela Innovations, Inc.*, 2021 WL 1222622 (N.D. Cal. Feb. 11, 2021) (admitting non-comparable settlement agreements to "shed light on Intel's general licensing practices" because such evidence was not proffered "as the evidence to support the [damages] award").

Additionally, Intel's argument that the settlement agreement evidence "improperly suggest[ed] past wrongdoing by Intel" is unpersuasive. ECF No. 594 at 3. Intel does not cite any portion of the record to support this assertion, and the cases it cites in support are distinguishable. *Sentius Int'l, LLC v. Microsoft Corp.* involved the admissibility of a JMOL decision, not a settlement agreement; likewise *Retractable Techs. v. Becton, Dickinson & Co.* concerned the admissibility of prior litigation. 2015 WL 451950 at *6 (N.D. Cal. 2015); 2009 WL 8725107 at *2 (E.D. Tex. Oct. 8, 2009).

### b. The Court Properly Admitted VLSI's Damages Evidence.

Intel also contends that VLSI's damages expert applied methodology "that has never been published, peer reviewed, presented or discussed at a conference, or used in a real-world transaction," dismissing his work as "made-for-litigation." ECF No. 594 at 6–7. However, Intel's arguments merely serve as a restatement of arguments this Court considered and disregarded at the *Daubert* stage.

The hedonic regression analysis used by Dr. Sullivan is a "powerful tool" for "understand[ing] the relationship between a dependent and an explanatory variable," and is commonly used. *United States v. Valencia*, 600 F.3d 389, 427 (5th Cir. 2010); *see also Huawei Techs. Co. v. T-Mobile US, Inc.*, 2017 U.S. Dist. Lexis 218166 at *29 (E.D. Tex. Sept. 10, 2017) (acknowledging that regression analysis "adequately approximate[d] the value of the underlying technology"); *St. Clair Intell. Prop. Consultants v. Acer, Inc.*, 935 F. Supp. 2d 779, 782 (D. Del. 2013) (using hedonic regression for damages). While Intel argues that Dr. Sullivan's inclusion of non-accused products and features made his model unreliable and demonstrated a failure to apportion, this argument is properly addressed to the model's weight, not admissibility. *Bazemore v. Friday*, 478 U.S. 385, 400 (1986) (holding that manipulation of regression variables "normally … will affect the analysis' probativeness, not its admissibility").

Intel further argues that VLSI's damages opinion included improper technical inputs to arrive at the final calculation, claiming that premises relied upon by VLSI's experts were contradicted at trial. ECF No. 594 at 10–11. However, "mere conflicting evidence or evidence that would support a different conclusion" cannot serve as the basis for a new trial. *Dawson*, 978 F.2d 205, 208 (5th Cir. 1992).

c. **The Court Properly Excluded Intel's Return-On-Investment Evidence.**

Moreover, Intel argues that this Court improperly excluded its expert testimony on the reasonable return VLSI could expect from its investment in the asserted patents. ECF No. 594 at 20. Once again, this Court is of the opinion that it properly ruled on the admissibility (or lack thereof) of Intel's ROI expert at the *Daubert* stage – Mr. Pascarella has no experience in determining royalties for processor patents, has never been admitted as an expert in a patent case, and has never performed ROI analysis of the type performed here. *See State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1073 (Fed. Cir. 2003) (rejecting testimony by expert who "had no experience in placing a value on a patent and did not have any knowledge regarding reasonable royalties). Intel's ROI expert fails to satisfy this threshold question, and therefore was properly excluded.

d. **The Court Properly Excluded Evidence Concerning VLSI's Connection to Fortress.**

Intel also takes issue with the Court's exclusion of evidence concerning Fortress Investment Group, a non-party hedge fund which controls several smaller funds, some of which own VLSI's parent company. ECF No. 594 at 21. Despite Intel's characterization of the Court's ruling as excluding "all Fortress-related evidence," the Court merely required Intel to obtain clearance from the Court before offering its evidence. When Intel expressed its intent to offer evidence not relevant to any matters of law before the Court, this Court properly excluded the evidence. However, that exclusion fell far short of the blanket prohibition of Fortress-related evidence Intel complains of in its motion.

e. **Even if Testimony and Argument Regarding VLSI's CEO Leaving Trial Should Have Been Excluded, No Error Resulted and Intel Waived Its Objection.**

Intel lastly objects to the Court's failure to exclude testimony regarding VLSI's CEO leaving trial. ECF No. 594 at 18. Despite Intel's expressed intention to argue the empty chair

5

regarding CEO Stolarski's leaving trial, when a VLSI witness offered an explanation for Mr. Stolarski's absence, Intel failed to object. Intel failed to object to the testimony when VLSI rested, failed to object when VLSI referenced the testimony and other facts about Mr. Stolarski's absence during closing, and again when Intel renewed its other objections after closing. While Intel successfully objected to the use of a PowerPoint slide referencing Mr. Stolarski's absence, it failed to request a curative instruction. Under these facts, Intel has waived this objection. *United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007) (finding no error where statements were not objected to, and when an objection was sustained but counsel did not request a curative instruction); *see also Waldorf v. Shuta*, 142 F.3d 601, 629 (3rd Cir. 1998) (acknowledging that "it is clear that a party who fails to object to errors at trial waives the right to complain about them following trial").

**2. The Jury Instructions Were Not Erroneous and Therefore Do Not Merit a New Trial.**

Intel argues that it was error to instruct the jury that "[u]nlike in a real world negotiation, all parties to the hypothetical negotiation are presumed to believe that the patents are valid and infringed and that both parties were willing to enter into an agreement." ECF No. 594 at 18. However, this instruction was not erroneous. It is well-settled law that the hypothetical negotiation is not a real negotiation. *Mondis Tech. v. LG Elecs.*, 2011 U.S. Dist. LEXIS 78482 at *23 (E.D. Tex. June 14, 2011) (explaining that a "license in the 'real-world' with uncertainty regarding the validity of the patents and infringement" was unlike "the hypothetical negotiation"). Identical instructions have been repeatedly used by this Court and elsewhere. *See MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-308-ADA (W.D. Tex.) (same instruction); *SW Holdings, Inc. v. Roku, Inc.*, No. 6:19-cv-44-ADA (W.D. Tex.) (same instruction); *Maxell, LTD. v. ZTE USA Inc.*, 5:16-cv-00179-RWS (E.D. Tex.) (same).

6

Additionally, Intel argues that the Court's instruction No. 33 is prejudicial due to the inclusion of the word "infringer." However, the damages section of the jury charge, which No. 33 is a part of, admonishes the jury to consider damages *only if* the jury finds against Intel on infringement. Intel's argument that this instruction, which comes from AIPLA's Model Jury Instructions § V.10.3 (2019), is prejudicial, would suggest that all instructions on infringement or damages prejudice the defendant. That plainly is not the case.

## IV.   CONCLUSION

In sum, Intel has failed to establish a manifest error of law and has not shown the jury's verdict to be beyond the great weight of evidence. The Court properly admitted probative evidence, properly excluded irrelevant evidence, and correctly instructed the jury as to the relevant law. Therefore, Intel's Motion for New Trial is **DENIED**.

**SIGNED** this 9th day of August, 2021.

                                   ALAN D ALBRIGHT
                                   UNITED STATES DISTRICT JUDGE