IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VLSI TECHNOLOGY LLC,**<br>　　　　*Plaintiff*<br><br>-v-<br><br>**INTEL CORPORATION,**<br>　　　　*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>　　6:21-CV-57-ADA |

## ORDER DENYING LEAVE TO AMEND (ECF No. 349)

Before the Court is Defendant Intel Corporation's ("Intel") Motion for Leave to Amend Answer, Defenses, and Counterclaims and to Sever and Stay Defense of License. ECF No. 349. Plaintiff VLSI Technology LLC ("VLSI") filed its Response on November 30, 2020. ECF No. 371. For the reasons described herein, the Court **DENIES** Intel's Motion.

### I. BACKGROUND

Plaintiff VLSI filed its suit for patent infringement on April 11, 2019. ECF No. 1. VLSI accused Intel of infringing U.S. Patent Nos. 7,523,373 ("the '373 Patent") and 7,725,759 ("the '759 Patent"). The Court held a jury trial, which concluded on March 2, 2021, with a verdict in VLSI's favor. ECF No. 556. The jury found that Intel literally infringed on the '373 Patent and that Intel infringed on the '759 Patent only under the doctrine of equivalents ("DOE"). ECF No. 593 at 1. The jury awarded over $2 billion in damages to VLSI.

VLSI is a subsidiary of CF VLSI Holdings LLC, a Delaware limited liability company. ECF No. 195-2 ¶ 7. CF VLSI Holdings LLC is owned by ten separate entities, which in turn are owned by pension funds and third-party investors. *Id.* Those pension funds are managed by

Fortress Investment Group LLC ("Fortress"). *Id.* ¶ 10. VLSI's CEO stated that Fortress does not own VLSI. *Id.*

In June 2020, Fortress acquired Finjan, Inc. and executed the Finjan Merger Agreement, which states that the parties to the agreement are Finjan Holdings, Inc., CFIP Goldfish Holdings LLC, and CFIP Goldfish Merger Sub Inc. ECF No. 195-2. Fortress Credit Opportunities Fund V (A) L.P. and Fortress Intellectual Property Fund I (A) LP are described in the Finjan Merger Agreement as equity financing sources for the two Goldfish entities. *Id.*

Intel alleges that it obtained a license to all the Asserted Patents. ECF No. 349 at 1. It claims that it obtained the license pursuant to a November 12, 2012, Settlement Agreement between Intel and Finjan, Inc. and Finjan Software, Inc. (the "Finjan License"). *Id.* Intel contends that Finjan, Inc. and Finjan Software, Inc. are affiliated companies to VLSI because they are now all under the common control of Fortress. *Id.* VLSI denies that it is bound by the license and contends it is a total stranger to the agreement. *Id.*

Intel asserted its affirmative defense of license that was not decided at trial because the Court had not yet ruled on Intel's Motion for Leave to Amend its Counterclaims to add the defense of license. The pleadings at the time of trial did not include the license defense. Intel now asks the Court for leave to amend the pleadings to add its license defense. ECF No. 349 at 1. Alternatively, it asks this Court to sever and stay its affirmative license defense. *Id.* at 2.

## II. LEGAL STANDARD

When a party requests leave to amend after a scheduling order's deadline has expired, Rule 16(b) governs the court's analysis, and rule 15(a) is inapplicable. *See Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015). Rule 16(b)(4) provides that the contents of a court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.

16(b)(4). To determine if good cause exists, the Court should consider "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres*, 782 F.3d at 237 (citing *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

"[T]he party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* (quoting *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam)). "Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish good cause." *Morris v. Nat'l Seating & Mobility, Inc.*, No. 5-18-CV-00048-FB, 2019 WL 2343020, at *6 (W.D. Tex. June 3, 2019) (internal citations and quotations omitted). In addition, "[a] futile amendment need not be allowed under Rule 16(b)." *Adams Family Trust v. John Hancock Life Ins. Co., U.S.A.*, 424 Fed.Appx. 377 (5th Cir. 2011).

### III. DISCUSSION

In its Motion, Intel asks this Court to grant leave to amend the pleadings so it can add a license defense. The deadline to amend pleadings under the scheduling order in this case was March 6, 2020. ECF No. 115. The standard for granting leave to amend the pleadings after a scheduling order deadline has expired is governed by Rule 16(b)(4). *Squyres*, 782 F.3d at 237. Courts analyze four factors in deciding whether good cause exists to allow for modification of the scheduling order. This Court will analyze those four factors below.

   A. **The four factors that courts consider in granting leave to amend show that Intel's Motion should be denied.**

### 1) Intel fails to provide a good explanation for its failure to timely comply with the scheduling order.

The first factor that a Court will consider in granting leave to amend is the moving party's explanation for a failure to timely comply with the scheduling order. Intel argues that it was impossible to amend its answer before the March 6, 2020, deadline because VLSI became an "Affiliate" of the Finjan parties on July 24, 2020, when Fortress acquired Finjan. ECF No. 349 at 4. VLSI responds that Intel delayed for months to file the motion to amend on November 11, 2020. ECF No. 371 at 3. VLSI also complains that Intel did not notify VLSI of its intent to rely on this defense in this action specifically. *Id.*

Intel's explanation for a failure to timely comply with the scheduling order is unpersuasive. The over three-month gap in between the Finjan Merger Agreement and the filing of this Motion is inexcusable. Not only did Intel allow fact and expert discovery deadlines to pass, it also filed summary judgment and Daubert motions without ever evincing an intent to invoke its license defense. Instead, it brought this Motion at the eleventh hour, just one month before the original pretrial conference date. ECF No. 371 at 3. Intel's late filing of its Motion resembles more of a tactic to delay trial rather than a good faith basis for adding its defense.

### 2) The proposed amendment would be futile because VLSI is not a party to the agreement.

The second factor that Courts consider is the importance of the proposed modification. Intel contends that the amendment would be important because an affirmative defense of license would release it from all liability. Indeed, a license is a valid defense to infringement. *Crossroads Sys. v. Dot Hill Sys. Corp.*, 48 F. Supp. 3d 984, 989 (W.D. Tex. Sep. 19, 2014). Intel cites several cases for the proposition that VLSI is still bound by the agreement despite not being a signatory. ECF No. 349 at 4–5 (citing *Oyster Optics, LLC v. Infinera Corp.*, 2019 WL 2603173, at *6-7, *9-

10 (E.D. Tex. June 25, 2019); *Medtronic AVE v. Cordis Corp.,* 100 F. App'x 865, 867 (3d Cir. 2004); *Medtronic AVE v. Cordis Corp.*, 280 F. Supp. 2d 339, 342 (D. Del. 2003). But Intel's reliance on these three cases is misguided.

First, the Court in *Oyster Optics* found that the defendant held a license to the asserted patents despite not being a signatory to a settlement agreement. *Oyster Optics*, 2019 WL 2603173, at *6-7, *9-10. The defendant was bound by the agreement because a former co-defendant (the signatory to the agreement) in the litigation had acquired the defendant after its settlement with the plaintiff. *Id.* But a critical fact is that the party that granted the license was also the party against whom the license defense was asserted, meaning that it was undisputed that the plaintiff was bound by the agreement. *Id.* at *1. By contrast, VLSI did not grant the license and argues it is not bound by the settlement and license with Finjan because "is not a party to it, never agreed to be bound by it, is not asserting Finjan's patents, and is not owned by Finjan." ECF No. 371 at 6.

Second, in *Medtronic AVE v. Cordis*, the Third Circuit bound an affiliate to an arbitration provision in a patent license that was acquired after the license was made. *Medtronic AVE,* 100 F. App'x at 867. But like the distinction in *Oyster Optics*, the plaintiff in *Medtronic AVE* did not dispute that it was bound by the license agreement. *Id.* at 867–68. VLSI, however, argues that it is not a party to the Finjan License. While the plaintiff in *Medtronic AVE* was a subsidiary of the parent-signatory, VLSI has no relationship to Finjan whatsoever. The same is true of Intel's citation to the District of Delaware *Medtronic AVE v. Cordis Corp.*, case. In that case, there was no dispute that the plaintiff was the affiliate of the parent-signatory under the agreement. *Medtronic AVE*, 280 F. Supp. 2d at 341. Those facts are not present here.

Having distinguished the facts of this case with Intel's cited case law, the Court now turns to the Finjan Merger Agreement and VLSI's corporate structure to determine if it could be bound

by the Finjan License, thus making this defense important to the case. As explained above, VLSI is a subsidiary of CF VLSI Holdings LLC, which in turn is owned by ten separate entities. ECF No. 195-2 ¶ 7. Those entities are owned by pension funds and third-party investors. *Id.* Those pension funds are managed by Fortress. *Id.* ¶ 10. VLSI's CEO stated that Fortress does not own VLSI, but rather "provides administrative services to VLSI in Fortress's capacity as investment advisors to the owners of the company." *Id.*

In June 2020, Fortress acquired Finjan and executed the Finjan Merger Agreement, which states that the parties to the agreement are Finjan Holdings, Inc., CFIP Goldfish Holdings LLC, and CFIP Goldfish Merger Sub Inc. ECF No. 195-2. Fortress Credit Opportunities Fund V (A) L.P. and Fortress Intellectual Property Fund I (A) LP are described in the Finjan Merger Agreement as equity financing sources for the two Goldfish entities. *Id.* Notably, none of the parties to that agreement are among the entities that own VLSI's parent. ECF No. 371 at 1.

The Finjan License provides that all disputes relating to the agreement are governed by Delaware law. ECF No. 188-1 at 13. As VLSI notes, Delaware law provides that a non-party to a contract is not bound by that contract. *Sheehan v. Assured Partners, Inc.*, C.A. No. 2019-0333-AML, 2020 WL 2838575 (Del. Ch. May 29, 2020); *Alliance Data Sys. Corp. v. Blackstone Cap. Partners V L.P.*, 963 A.2d 746 (Del. Ch. 2009). This is true even when the non-party is a close corporate affiliate of the signatory. *Wenske v. Blue Bell Creameries, Inc.*, 2018 WL 5994971, at *3-8 (Del. Ch. Nov. 13, 2018) (parent company not liable for contract entered into by wholly-owned subsidiary); *Kuroda v. SPJS Holdings, LLC*, C.A. No. 4030-CC, 2010 WL 4880659, at *3-8 (Del. Ch. Nov. 30, 2010) (arbitration clause not binding on non-signatory affiliate).

The case law and the Finjan Settlement make clear that VLSI is not bound by the Finjan License with Intel. VLSI was not a party to the Finjan License and it is not an affiliate of Finjan.

The relationship between VLSI and Finjan via Fortress, who maintains a de minimis ownership in VLSI, is tenuous at best. Finjan did not own the asserted patents at the time of the Finjan License, meaning it could not have licensed something it did not own. Thus, the asserted patens in this case could not have been licensed to Intel. Accordingly, allowing Intel to amend to add a defense of license would be futile.

### 3) The potential prejudice in allowing the amendment is low.

The third factor that courts consider is the potential prejudice that would result in allowing the modification. Intel contends that an amended pleading would not prejudice VLSI because Fortress chose to acquire Finjan, and VLSI was on notice of the license defense on August 17, 2020. ECF No. 349 at 5. Intel also claims that any prejudice to VLSI is outweighed by the prejudice Intel would suffer if it were deprived of the defense. *Id.* VLSI complains that it would suffer prejudice from a lengthy stay in entry of judgment. ECF No. 371 at 8. That in turn would hinder VLSI's ability to license its patents to others, thus stalling VLSI's business. *Id.* at 9.

Allowing an amendment would likely prejudice VLSI. Trial in this case has already occurred, with a jury finding infringement of the asserted patents. The proposed amendment would only further delay entry of judgment, which would prejudice VLSI's ability to license its patents. And prejudice to Intel is likely minimal because it has a remedy outside of this litigation as it can pursue of a breach of contract claim against Finjan. Assuming its claim is true, Intel could obtain money damages from Finjan to be made whole. But this Court finds that prejudice to Intel is unlikely because, as explained above, VLSI is not bound by the Finjan License.

### 4) The availability of a continuance is irrelevant.

Finally, courts consider the availability of a continuance to cure such prejudice in deciding whether to grant leave to amend. Intel argues that the amendment would not require a continuance

because Intel is moving to sever and stay the license defense. ECF No. 349 at 6. Because Intel is not seeking a continuance, and because the Court has already held a jury trial on the asserted patents, the Court does not consider this factor relevant in its analysis.

### B. A severance and stay of the license defense is now moot.

In addition to asking this Court to amend the pleadings, Intel asks this Court to sever its affirmative license defense and to stay adjudication of that defense while this case proceeds to trial and while Intel pursues its license defense in Delaware Chancery Court. ECF No. 349 at 2. Intel's argument for severance and stay is now moot. First, this Court already conducted a jury trial on the Asserted Patents. Second, since the filing of this Motion, the court in Delaware already resolved Intel's license dispute. ECF No. 648-1, Ex. A. On September 30, 2021, Vice Chancellor Zurn issued a ruling that granted in material part the defendants' motions to dismiss Intel's complaint. *Id*. Vice Chancellor Zurn dismissed Intel's claims for declaratory relief and specific performance for a lack of jurisdiction; dismissed Intel's tortious interference claim on the merits; and stayed Intel's breach of contract claims until the license issued is adjudicated in other courts where Intel asserted that defense. *Id*. Accordingly, Intel's request to delay the entry of judgment in this action until the Delaware court rules on the defense is now moot.

### IV. CONCLUSION

For the foregoing reasons, Intel has failed to show that good cause exists for this Court to allow Intel to amend the pleadings in this case to add a license defense. Additionally, this Court will not allow a severance and stay of the proceedings, in part because the Delaware Chancery Court has already ruled on that issue. **IT IS ORDERED** that Intel's Motion for Leave to File Amended Answer, Defenses, and Counterclaims and to Sever and Stay Defense of License (ECF No. 349) is **DENIED**.

**SIGNED** this 18th day of March, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE