**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **VLSI TECHNOLOGY LLC,** *Plaintiff* | § § § § | |
| *v.* | § § § | **6:21-CV-57-ADA** |
| **INTEL CORPORATION,** *Defendant* | § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff VLSI Technology LLC's ("VLSI") Motion Under Rule 59(e) for Prejudgment and Post-judgment Interest. ECF No. 664. Defendant Intel Corporation ("Intel") filed its Response on February 25, 2022. ECF No. 674. VLSI filed a Reply on March 4, 2022. ECF No. 679. For the reasons stated below, the Court **GRANTS-IN-PART** VLSI's Motion (ECF No. 664).

## I. BACKGROUND

Plaintiff VLSI filed its suit for patent infringement on April 11, 2019. ECF No. 1. VLSI accused Intel of infringing U.S. Patent Nos. 7,523,373 ("the '373 Patent") and 7,725,759 ("the '759 Patent") (collectively, "the Asserted Patents").[1] The Court held a jury trial, which concluded on March 2, 2021, with a verdict in VLSI's favor. ECF No. 556. The jury found that Intel literally infringed on the '373 Patent and that Intel infringed on the '759 Patent only under the doctrine of equivalents. ECF No. 593 at 1. The jury awarded a lump sum of $1.5 billion for infringement of

---

[1] VLSI also asserted infringement of U.S. Patent No. 8,156,357 (the "'357 Patent"), but the Court granted Intel's Motion for Summary Judgment of Non-Infringement of the '357 Patent before trial. ECF No. 532.

the '373 Patent, and a lump sum of $675 million for infringement of the '759 Patent. ECF No. 664 at 1.

## II. DISCUSSION

In its Motion, VLSI asks the Court to award prejudgment and post-judgment interest on the jury's damages award.

### A) Prejudgment Interest

1) The Court will award prejudgment interest.

A damages award should provide "complete compensation," *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983), including "a reasonable royalty for the use made of the invention by the infringer, together with interest and costs. 35 U.S.C. § 284. "The purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty rather than infringe." *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1094 (Fed. Cir. 2014). "The award of pre-judgment interest is the rule, not the exception." *Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1358 (Fed. Cir. 2012). But Section 284 does not "requir[e] the award of prejudgment interest whenever infringement is found." *Devex*, 461 U.S. at 65–56.

Intel complains that VLSI is not entitled to prejudgment interest. ECF No. 674 at 1. It argues that the $2.175 billion damages award is generous enough to compensate VLSI without any prejudgment interest, and any interest award would be unfairly punitive. *Id.* at 2–3. Intel also contends that VLSI's status as a non-practicing entity should preclude it from receiving prejudgment interest. *Id.* at 3.

The Court finds that prejudgment interest should be awarded in this case. This adheres to the general rule. *Energy Transp. Grp., Inc.*, 697 F.3d at 1358. The Supreme Court in *Devex*

explained that there may be exceptions to this rule, such as undue delay by the patent owner in filing suit. *Devex*, 461 U.S. at 655–56. But no such exceptional circumstances exist here that warrant a departure from the general rule the prejudgment interest should be awarded. There was no undue delay in filing the lawsuit as VLSI brought the present suit within months of acquiring the Asserted Patents. ECF No. 664 at 2. VLSI acquired the patents in December 2018 and filed the present suit on April 11, 2019. ECF No. 674 at 8. That four-month gap fails to show undue delay that would justify withholding prejudgment interest. Even if there was delay, Intel has failed to show that it suffered any actual prejudice from a four-month delay. And Intel's arguments that Freescale (the prior owner of the Asserted Patents) delayed bringing the suit are unpersuasive because Freescale had no knowledge of infringement of these specific patents. ECF No. 679 at 10. Lastly, that VLSI is a non-practicing entity is irrelevant. Non-practicing entities may also be awarded prejudgment interest. *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1263 (Fed. Cir. 2014). Accordingly, this Court finds that prejudgment interest should be awarded to VLSI.

2) <u>The Court will award prejudgment interest at the T-Bill rate.</u>

The Court now turns to what the prejudgment interest rate should be. "The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.,* 807 F.2d 964, 969 (Fed. Cir. 1986). However, when exercising that discretion, the Court recognizes the purpose of prejudgment interest, which, as explained above, is to compensate the patent owner for infringement. *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-00371, 2017 WL 1716589, at *4 (E.D. Tex. Apr. 27, 2017).

VLSI asks the court to award interest at the prime rate. ECF No. 664 at 4. It characterizes the prime rate as "standard practice" and cites numerous cases that have awarded interest at the

prime rate. *Id.* (citing *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 2190055, at \*8 (E.D. Tex. May 18, 2017); *W. Plastics, Inc. v. DuBose Strapping, Inc.*, No. 5:15-CV-294-D, 2020 WL 5752315, at \*2 (E.D.N.C. Sept. 24, 2020), *aff'd*, No. 2021-1371, 2021 WL 5985361 (Fed. Cir. Dec. 17, 2021); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2018 WL 1156284, at \*9 (E.D. Tex. Mar. 5, 2018); *Fujifilm Corp. v. Motorola Mobility LLC*, 182 F. Supp. 3d 1014, 1042 (N.D. Cal. 2016); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, No. Civ.A. 02–123–KAJ, 2004 WL 1622442, at \*2 (D. Del. July 12, 2004); *DataTreasury Corp. v. Wells Fargo & Co.*, 2010 WL 5140718, at \*6 (E.D. Tex. Sept. 27, 2010); *Rehco LLC v. Spin Master Ltd.*, No. 13-cv-2245, 2020 WL 7025091, at \*13 (N.D. Ill. Nov. 30, 2020)). VLSI's prejudgment interest number—using the prime rate starting in 2013 and compounded annually—up until January 31, 2022, is \$846,670,667. ECF No. 664 at 6.

Intel argues that if the Court awards prejudgment interest, it should use the average 52-week U.S. Treasury Bill ("T-Bill") rate, not the prime rate. ECF No. 674 at 4. It also cites several cases where courts across the country have awarded prejudgment interest using the T-Bill rate. *Id.* (citing *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 809 F. App'x 965, 977 (Fed. Cir. 2020); *Packet Intelligence LLC v. NetScout Sys., Inc.*, 2018 WL 7508613, at \*2 (E.D. Tex. Sept. 7, 2018); *Whirlpool Corp. v. TST Water, LLC*, 2018 WL 1536874, at \*12 (E.D. Tex. Mar. 29, 2018); *Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC*, 2017 WL 6268735, at \*6 (E.D. Tex. Dec. 8, 2017); *TransPerfect Global, Inc. v. MotionPoint Corp.*, 2014 WL 6068384, at \*5 (N.D. Cal. Nov. 13, 2014); *Cornell Univ. v. Hewlett-Packard Co.*, 2009 WL 1405208, at \*3 (N.D.N.Y. May 15, 2009). Intel argues that the T-Bill rate should be the standard rate absent evidence that the patent holder is entitled to a better rate. *Id.* (citing *Mars, Inc. v. Coin Acceptors, Inc.*, 513 F. Supp. 2d 128, 132-33, 136 (D.N.J. 2007)). Intel's prejudgment interest number—using an April 2019 start date and the T-Bill rate—is \$43,543,572. ECF No. 674 at 12.

The Court finds that the prejudgment interest should be awarded at the T-Bill rate. The T-Bill rate is well-accepted in federal courts and is a reasonable method of placing VLSI in a position of where it would have been had there been no infringement by Intel. It is well within the Court's discretion to apply the T-Bill rate. *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 809 F. App'x 965, 977 (Fed. Cir. 2020); *see also Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC*, 2017 WL 6268735, at *6 (E.D. Tex. Dec. 8, 2017).

### 3) The interest period should begin in 2013.

The interest period for prejudgment interest typically begins from the date of infringement to the date of judgment. *Nickson Indus., Inc. v. Rol Mfg. Co.,* 847 F.2d 795, 800 (Fed.Cir.1988) ("Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment."). The justification for awarding prejudgment interest from the date of infringement is to place the patent owner in as good a position as they would have been had the infringer entered into a reasonable royalty agreement. *Devex*, 461 U.S. at 655–56.

The parties dispute when the interest period should begin. VLSI argues that the prejudgment interest period for the '373 Patent should begin on April 11, 2013,[2] and the prejudgment interest period for the '759 Patent should begin on June 11, 2013 (the date of first infringement). ECF No. 664 at 3. Intel contends that the interest period should start on April 11, 2019, when VLSI filed the present action. ECF No. 674 at 8. VLSI was not formed until 2016, acquired the Asserted Patents in December 2018, then filed this lawsuit in April 2019. *Id.* Prejudgment interest, Intel argues, should therefore start on the date of filing. *Id.*

Intel notes that VLSI was not the licensor at the hypothetical negotiation. Freescale, from whom VLSI acquired the Asserted Patents, was the hypothetical licensor. ECF No. 664 at 1.

---

[2] The date of first infringement of the '373 Patent was in 2011, but the damages period began on April 11, 2013.

Because Freescale was the patent owner at the time of the hypothetical negotiation, and because VLSI did not even exist until 2016, Intel contends that awarding prejudgment interest to VLSI starting in 2013 would be a windfall. ECF No. 674 at 9. This Court disagrees. The fact that VLSI did not own the Asserted Patents on the date of first infringement is not a reason to preclude a prejudgment interest award. *See, e.g., DDR Holdings*, 2013 WL 3187163, at *3 (awarding interest from the date of first infringement and rejecting argument that the award "would give DDR, a non-practicing entity, a windfall"). VLSI acquired the Asserted Patents and is therefore entitled to all the rights associated with patent ownership, including the rights to collect damages and interest from infringers.

The Court finds that the prejudgment interest period for the '373 Patent begins on April 11, 2013, and continues through final judgment. The Court also finds that the prejudgment interest period for the '759 Patent begins on June 11, 2013, and continues through final judgment. These findings comport with Federal Circuit law that prejudgment interest should be awarded from the start of the damages period, and it fulfills the purpose of putting the patent owner in as good of an economic position had a royalty been paid and infringement not occurred. District courts have discretion in determining how to compound interest. *Bio-Rad Labs.*, 807 F.2d at 969 ("The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court"). The Court will exercise its discretion to compound interest annually.

Accordingly, applying the T-Bill rate for the full damages period up until final judgment results in a $111,736,762 prejudgment interest award for the '373 Patent, and a $50,072,501 prejudgment interest award for the '759 Patent. The numbers are based on the T-Bill rate, compounded annually, from the respective accrual dates up until January 31, 2022. The Court

obtained these numbers from Intel's expert Julie Davis, who provided the calculations at the T-Bill rate based on VLSI's proposed damages period for each patent. ECF No. 674-01. The Court will add daily rates of $6,401 for both patents ($4,415 for the '373 patent and $1,986 for the '759 patent) from January 31, 2022, up until the date of judgment. *Id.* Because final judgment was entered on April 21, 2022, that adds $512,080 from January 31, 2022, up until judgment was entered. VLSI is therefore entitled to a total prejudgment interest award of $162,321,343.

**B)  Post-Judgment Interest**

Pursuant to 28 U.S.C. § 1961, the Court finds that VLSI is entitled to an award of post-judgment interest at the federal statutory rate. *See* 28 U.S.C. § 1961. Accordingly, the Court awards post-judgment interest at the statutory rate, compounded annually, from the date of the Court's final judgment until the date of payment.

### III. CONCLUSION

For those reasons, the Court awards prejudgment interest in the amount of $162,321,343. The Court also awards post-judgment interest applicable to all sums awarded, at the statutory U.S. Treasury bill rate, compounded annually, from the date of entry of this judgment until the date of payment by Intel.

**SIGNED** this 21st day of April, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE