PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>      Defendant. | **Case No.:** 6:21-cv-57-ADA<br><br>█████████ |

**PLAINTIFF VLSI TECHNOLOGY LLC'S
MOTION FOR ENTRY OF JUDGMENT**

A jury resolved this matter on March 2, 2021, finding in favor of VLSI Technology LLC ("VLSI") and against Intel Corporation ("Intel") on all asserted claims of the two patents-in-suit, and awarding VLSI $2,175,000,000 in damages for Intel's infringement. Accordingly, Plaintiff VLSI submits a proposed final judgment, attached as Exhibit A, and respectfully requests that the Court enter final judgment. *See* Fed. R. Civ. P. 58(b)(2)(B); 58(d).

## I.  INTRODUCTION

On April 11, 2019, VLSI sued Intel for patent infringement, including infringement of U.S. Patent Nos. 7,523,373 (the "'373 Patent) and 7,725,759 (the "'759 Patent). *See* D.I. 1.

After a trial on the merits, the court submitted this case to the jury. The jury found in favor of VLSI and against Intel on: (1) literal infringement of claims 1, 5, 6, 9, and 11 of the '373 Patent; (2) infringement under the doctrine of equivalents of claims 14, 17, 18, and 24 of the '759 Patent; and (3) no invalidity of any asserted claims of the '759 Patent. D.I. 564 at 2–5. Based on these findings, the jury determined that Intel owed VLSI $1,500,000,000 in damages for infringement of one or more of the asserted claims of the '373 Patent, and $675,000,000 in damages for infringement of one or more of the asserted claims of the '759 Patent. *Id.* at 6.

Now that the jury has rendered a verdict and the Court has considered and heard oral argument on all pending motions, VLSI respectfully requests that the Court enter VLSI's proposed final judgment, attached as Exhibit A.

## II.  RESOLVED MOTIONS

### A.  INTEL'S *DAUBERT* MOTIONS (D.I. 261–265)

On October 8, 2020, Intel filed five *Daubert* motions, seeking to exclude the opinions or testimony of multiple VLSI experts on damages or damages-related topics. *See* D.I. 261 (Annavaram '373); 262 (Conte/Annavaram '759); 263 (Chandler); 264 (Sullivan); and 265 (Conte/Annavaram power/performance). VLSI filed opposition briefs on October 22, 2020. *See*

D.I. 447 (Conte/Annavaram '759); 448 (Annavaram '373); 449 (Chandler); 454 (Sullivan); and 457 (Conte/Annavaram power/performance). Intel filed reply briefs on October 30, 2020. *See* D.I. 469 (Annavaram '373); 470 (Conte/Annavaram '759); 471 (Chandler); 472 (Sullivan); and 473 (Conte/Annavaram power/performance). A summary of these motions, oppositions, and replies appears below:

| *Daubert* | Motion (filed 10/8/2020) | Opposition (filed 10/22/2020) | Reply (filed 10/30/2020) |
|---|---|---|---|
| Annavaram '373 | D.I. 261 | D.I. 448 | D.I. 469 |
| Conte/Annavaram '759 | D.I. 262 | D.I. 447 | D.I. 470 |
| Chandler | D.I. 263 | D.I. 449 | D.I. 471 |
| Sullivan | D.I. 264 | D.I. 454 | D.I. 472 |
| Conte/Annavaram Power/Performance | D.I. 265 | D.I. 457 | D.I. 473 |

The Court heard oral argument on December 15, 2020 (Intel's Chandler, Annavaram, and Conte/Annavaram *Daubert* motions) and January 5, 2021 (Intel's Sullivan *Daubert* motion). *See* D.I. 395 (12/15/20 Sealed Tr.); D.I. 411 (1/5/21 Sealed Tr.). The Court denied Intel's *Daubert* motions on the record (*see* D.I. 395 at 58:17–60:7 (Chandler); 124:11 (Annavaram '373); 142:25 (Conte/Annavaram '759); 191:20–21 (Conte/Annavaram power/performance); D.I. 411 at 33:25–34:1 (Sullivan)) and later issued an order formalizing its oral rulings. *See* D.I. 507 (Order) at 1–2.

However, in the interest of having a full and complete appellate record, VLSI respectfully requests that the Court issue written findings on each of Intel's *Daubert* motions. *See, e.g., Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 268–70 (5th Cir. 2020) (vacating district court's *Daubert* order because it lacked reasoning for its decision). The Court already provided much of its reasoning, including, for example, reasons for denying Intel's *Daubert* motion to exclude the opinions and testimony of Dr. Sullivan, in its Order Denying Defendant Intel's Rule 59 Motion for New Trial. *See* D.I. 638. For example, in denying Intel's

Rule 59 motion, the Court called Intel's damages arguments "a restatement of arguments this Court considered and disregarded at the *Daubert* stage." *Id*. at 4. The Court observed that "[t]he hedonic regression analysis used by Dr. Sullivan is a 'powerful tool' for 'understand[ing] the relationship between a dependent and an explanatory variable,' and is commonly used." *Id*. at 4 (citing *United States v. Valencia*, 600 F.3d 389, 427 (5th Cir. 2010); *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00052, 2017 U.S. Dist. Lexis 218166 at *29 (E.D. Tex. Sept. 10, 2017); *St. Clair Intell. Prop. Consultants v. Acer, Inc.*, 935 F. Supp. 2d 779, 782 (D. Del. 2013)). The Court also determined that Intel's arguments that Dr. Sullivan's "inclusion of non-accused products and features made his model unreliable and demonstrated a failure to apportion" were "properly addressed to the model's weight, not admissibility." D.I. 638 at 4 (citing *Bazemore v. Friday*, 478 U.S. 385, 400 (1986) (Brennan, J., concurring)).

In the same Order, the Court reiterated some of its previous reasoning for partially denying Intel's Chandler *Daubert* motion. *See* D.I. 638. Although Intel argued that the Court "improperly admitted evidence concerning Intel's intellectual property settlement agreement practice," the Court repeated that "the settlement evidence was admitted as proper rebuttal." *Id*. at 2. The Court also reasoned that "VLSI offered the settlement agreement testimony to explain alleged discrepancies between Intel's claimed licensing practices and other Intel licenses that were markedly higher than Intel's expert divulged." *Id*. at 3. The Court further stated that:

> Intel points this Court to *LaserDynamics, Inc. v. Quanta Comput.* to support its argument that the admission of VLSI's rebuttal evidence requires a new trial. ECF No. 594 at 4 – 5; 694 F.3d 51 (Fed. Cir. 2012). However, *LaserDynamics* stands for the proposition that non-comparable settlement agreements cannot support an opinion regarding a specific dollar amount of damages a party is entitled to. 694 F.3d at 77–78. This rule, however, does not extend to the prohibition of non-comparable agreements from lending further context to a party's IP licensing practice. *See Id*; *see also Intel Corp. v. Tela Innovations, Inc.*, 2021 WL 1222622 (N.D. Cal. Feb. 11, 2021) (admitting non-comparable settlement agreements to

"shed light on Intel's general licensing practices" because such evidence was not proffered "as the evidence to support the [damages] award").

Additionally, Intel's argument that the settlement agreement evidence "improperly suggest[ed] past wrongdoing by Intel" is unpersuasive. ECF No. 594 at 3. Intel does not cite any portion of the record to support this assertion, and the cases it cites in support are distinguishable. *Sentius Int'l, LLC v. Microsoft Corp.* involved the admissibility of a JMOL decision, not a settlement agreement; likewise *Retractable Techs. v. Becton, Dickinson & Co.* concerned the admissibility of prior litigation. 2015 WL 451950 at *6 (N.D. Cal. 2015); 2009 WL 8725107 at *2 (E.D. Tex. Oct. 8, 2009).

D.I. 638 at 3.

In order to ensure that the record is sufficiently clear for appeal, VLSI respectfully requests that the Court issue written findings on Intel's five *Daubert* motions, and enter VLSI's proposed order, attached as Exhibit B, which is consistent with the Court's prior findings.

### B. VLSI's *DAUBERT* MOTION (D.I. 276)

On October 8, 2020, VLSI filed a *Daubert* motion seeking to exclude the opinions or testimony of multiple Intel experts on damages and damages-related topics. *See* D.I. 276. Intel filed an opposition brief on October 22, 2020. *See* D.I. 431. VLSI filed a reply brief on October 30, 2020. *See* D.I. 483.

The Court heard oral argument on December 15, 2020. *See* D.I. 395 (12/15/20 Sealed Tr.). The Court ruled on VLSI's *Daubert* motion on the record (*see* D.I. 395 at 16:21–24 (Pascarella); 27:22–25 (Colwell); 40:1–8 (Huston)) and later issued an order formalizing its oral rulings. *See* D.I. 507 (Order) at 2.

As with Intel's *Daubert* motions, VLSI respectfully requests that the Court issue written findings on VLSI's *Daubert* motion and enter VLSI's proposed order, attached as Exhibit C.

### III. PENDING MOTIONS

#### A. INTEL'S MOTION FOR LEAVE TO FILE AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS AND TO SEVER AND STAY DEFENSE OF LICENSE (D.I. 349)

On November 10, 2020, Intel filed a motion for leave to file amended answer, defenses, counterclaims, and to sever and stay defense of license. *See* D.I. 349. VLSI filed its opposition on November 25, 2020. *See* D.I. 371. Intel filed a reply on December 7, 2020. *See* D.I. 485.

Intel's motion should be denied. VLSI respectfully requests that the Court issue an opinion denying Intel's motion, for the reasons set forth in VLSI's opposition brief, *see* D.I. 371, and enter the proposed order attached as Exhibit D.

#### B. INTEL'S POST-TRIAL MOTIONS

##### 1. Intel's Rule 50(b) Motion for Judgment as a Matter of Law (D.I. 591)

On April 9, 2021, Intel filed a motion under Fed. R. Civ. P. 50(b) for judgment as a matter of law of: (1) no infringement of the asserted claims of '373 Patent; (2) no infringement of the asserted claims of the '759 Patent; and (3) invalidity of the asserted claims of the '759 Patent. *See* D.I. 591. VLSI filed its opposition on May 7, 2021. *See* D.I. 603. Intel filed a reply on May 21, 2021. *See* D.I. 615.

Intel is not entitled to judgment as a matter of law on any of these issues, including for the reasons set forth in VLSI's opposition brief. *See* D.I. 603. VLSI respectfully requests that the Court issue an opinion denying Intel's motion and enter the proposed order attached as Exhibit E.

##### 2. Intel's Rule 52 Motion for Judgment of Non Infringement of U.S. Patent No. 7,725,759 Under the Doctrine of Equivalents (D.I. 593)

On April 9, 2021, Intel filed a motion, pursuant to Fed. R. Civ. P. 52, for judgment of no infringement of the '759 Patent under the doctrine of equivalents. *See* D.I. 593. VLSI filed its opposition on May 7, 2021. *See* D.I. 607. Intel filed a reply on May 25, 2021. *See* D.I. 620.

For the reasons set forth in VLSI's opposition brief, *see* D.I. 607, the Court should deny Intel's motion. VLSI respectfully requests that the Court enter VLSI's proposed order, attached hereto as Exhibit F, which is a reformatted version of VLSI's proposed Findings of Fact and Conclusions of Law (previously filed as D.I. 608 and 621).

### C. VLSI'S RULE 60(a) MOTION TO CORRECT ORDER DENYING INTEL'S MOTION FOR SUMMARY JUDGMENT BARRING RECOVERY UNDER THE DOCTRINE OF UNCLEAN HANDS (D.I. 642)

On August 25, 2021, VLSI filed a motion to correct an inadvertent misstatement in the Court's Order Denying Defendant Intel's Rule 52 Motion for Judgment Barring Recovery Under the Doctrine of Unclean Hands. *See* D.I. 642 (Motion to Correct); D.I. 641 (Order). Intel filed an opposition on September 1, 2021. *See* D.I. 644. VLSI filed a reply on September 2, 2021. *See* D.I. 645.

For the reasons set forth in VLSI's motion, *see* D.I. 642, VLSI respectfully requests that the Court grant VLSI's motion and enter the proposed order, previously filed as D.I. 642-1, and attached hereto as Exhibit G (reformatted for the Court's convenience).

### D. VLSI'S MOTION FOR PREJUDGMENT AND POSTJUDGMENT INTEREST (CONCURRENTLY FILED)

Consistent with voluminous case law, VLSI respectfully requests an award of prejudgment interest on the jury's damages award for both patents, set at the prime rate, compounded annually. Courts routinely award prejudgment interest at the prime rate, and have declared awarding the prime rate to be the "standard practice." *See Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202, 2017 WL 2190055, at *8 (E.D. Tex. May 18, 2017) (Bryson, J., sitting by designation) (awarding the prime rate); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (upholding award of the prime rate); *Rehco LLC v. Spin Master Ltd.*, No. 13-CV-

2245, 2020 WL 7025091, at *13 (N.D. Ill. Nov. 30, 2020) (noting that "the prime rate is the 'benchmark for prejudgment interest'").

Postjudgment interest is governed by statute. 28 U.S.C. § 1961. VLSI requests an award of postjudgment interest as provided for by Section 1961, which is applied at the Treasury bill rate, compounded annually, from the date of entry of final judgment until the date of payment by Intel, and is based on the entire amount of the judgment, including attorneys' fees, costs, enhanced damages, and prejudgment interest. *See Erfindergemeinschaft*, 2017 WL 2190055, at *10.

Supporting materials for VLSI's motion may be found in its Motion for Prejudgment and Postjudgment Interest, which is being filed concurrently herewith.

## IV.   REQUEST FOR JUDGMENT

Now that the jury has rendered a verdict and the Court has considered all pending motions, VLSI respectfully requests that the Court enter the proposed final judgment attached as Exhibit A to this motion.

Dated: February 1, 2022                                By:        /s/ Andy Tindel

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
etuan@irell.com
dslusarczyk@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
bredjaian@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909


*Attorneys for VLSI Technology LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via email, to all counsel of record, on February 1, 2022.

                                                  */s/ Jordan Nafekh*
                                                  Jordan Nafekh

11062096