PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendant. | Case No.: 6:21-cv-57-ADA<br><br>█████████████ |

**PLAINTIFF VLSI TECHNOLOGY LLC'S MOTION UNDER
RULE 59(e) FOR PREJUDGMENT AND POSTJUDGMENT INTEREST**

Plaintiff VLSI Technology LLC ("VLSI") respectfully requests that the Court award prejudgment and postjudgment interest on the jury's damages award. A damages award should provide "complete compensation," *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983), including "a reasonable royalty for the use made of the invention by the infringer, together *with interest* and costs," 35 U.S.C. § 284 (emphasis added).

I.   **FACTUAL BACKGROUND**

On March 2, 2021, the jury entered a verdict finding Defendant Intel Corporation ("Intel") liable for infringing the '373 Patent and awarded damages to VLSI in the form of a fully paid-up, lump sum royalty of $1.5 billion. D.I. 564, at 6-7. It is not disputed that Intel sold ▮ infringing units during the damages period, 2/24 Tr. [Sullivan] 593:15-17; that the date of first infringement was in 2011, *id*. 596:3-6; that the damages period began on April 11, 2013, 2/23 Tr. [Conte] 463:17-21; and that Freescale was the licensor at the hypothetical negotiation, 2/24 Tr. [Sullivan] 680:14-17; 3/1 Tr. [Huston] 1376:6-9.

The jury also entered a verdict finding Intel liable for infringing the '759 Patent and awarded damages to VLSI in the form of a fully paid-up, lump sum royalty of $675 million. D.I. 564. It is not disputed that Intel sold ▮ infringing units, 2/24 Tr. [Sullivan] 593:18-19; that the date of first infringement was around June 2013, *id*. 596:3-6; and that Freescale was the licensor at the hypothetical negotiation, *id*. 680:14-17; 3/1 Tr. [Huston] 1376:6-9.

The Court has not yet entered judgment in this case.

II.  **PREJUDGMENT INTEREST**

   A.   **Prejudgment Interest Is The Rule, Not The Exception**

"The purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty rather than infringe." *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1094 (Fed. Cir. 2014). "The award of pre-judgment interest is

the rule, not the exception." *Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1358 (Fed. Cir. 2012) (internal quotation and citations omitted). It is well-settled that "prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." *Gen. Motors*, 461 U.S. at 657.

No such justification exists here. Courts have found such justification when, for example, "the patent owner has been responsible for undue delay in prosecuting the lawsuit." *Id*. Here, it is undisputed that VLSI asserted the '373 and '759 Patents against Intel within several months of acquiring them. 2/22 Tr. [Intel Op.] 240:10-14. Moreover, "[a]bsent prejudice to the defendant, delay [alone] by the patentee . . . does not support the denial of prejudgment interest." *Invitrogen Corp. v. Biocrest Mfg., L.P.*, No. A-01-CA-167-SS, 2006 WL 8435710, at *9 (W.D. Tex. Oct. 31, 2006). There has been no prejudice here.

Nor is there any categorical restriction against awarding prejudgment interest to non-practicing entities, and certainly not where, as here, VLSI is working with Freescale (now NXP). 2/22 Trial Tr. [Spehar] 273:6-274:22; *DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-cv-42-JRG, 2013 WL 3187163, at *3 (E.D. Tex. June 20, 2013), *aff'd*, 773 F.3d 1245, 1263 (Fed. Cir. 2014) ("NLG cites no case law suggesting that prevailing nonpracticing entities are not entitled to prejudgment interest. We decline to create such a statutory exception.").

VLSI is not aware of any patent infringement case in the Western or Eastern Districts of Texas where an award of prejudgment interest was denied and where damages were otherwise awarded, and respectfully requests an award of prejudgment interest in this case.

**B.     Prejudgment Interest Is Awarded From The Date Of First Infringement To The Date Of Judgment**

"Where a jury awards a lump-sum amount as compensation for infringement, the prejudgment interest is properly applied to the entire amount beginning on the first date of the

infringement." *Comcast IP Holdings I LLC v. Sprint Commc'ns Co., L.P.*, 850 F.3d 1302, 1315 (Fed. Cir. 2017) (affirming "prejudgment interest against [an infringer] based on the entire [lump-sum] royalty award"). The prejudgment interest period ends on the date of judgment. *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800-01 (Fed. Cir. 1988). When the damages period is limited by statute, prejudgment interest accrues only during the statutory damages period. *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-00371, 2017 WL 1716589, at *4 (E.D. Tex. Apr. 27, 2017) (awarding prejudgment interest at the prime rate from the start of the damages period).

With respect to the '373 Patent, the prejudgment interest period begins on April 11, 2013 and continues through final judgment. Because judgment has not yet been entered, VLSI has calculated prejudgment interest through January 31, 2022.[1] Although the hypothetical negotiation predated the start of the damages period, it is not disputed that VLSI's damages calculations and presentation at trial were based solely on Intel's infringing sales during the damages period. 3/1 Tr. [Huston] 1371:3-8; Sullivan Decl. ¶ 6.[2] Thus, prejudgment interest is properly assessed for the entirety of the jury's $1.5 billion damages award, D.I. 564 at 6, although VLSI's calculations reflect that no interest accrued until the start of the damages period.

With respect to the '759 Patent, the prejudgment interest period begins on June 11, 2013 (the date of first infringement) and continues through final judgment, though VLSI has calculated prejudgment interest through January 31, 2022. There is no statutory limitation on damages, and prejudgment interest should be assessed for the entire $675 million award. D.I. 564 at 6.

---

[1] For the Court's convenience, VLSI's damages expert, Dr. Ryan Sullivan, has also calculated an approximate daily rate that can be used to calculate prejudgment interest based on the number of days after January 31, 2022 that judgment is entered.

[2] Citations to "Sullivan Decl." refer to the Declaration of Ryan Sullivan, Ph.D. in Support of VLSI's Motion for Prejudgment Interest, filed concurrently herewith.

### C. The Court Should Award Interest At The Prime Rate, Compounded Annually

"A trial court is afforded wide latitude in the selection of interest rates, and may award interest at or above the prime rate." *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (upholding award of the prime rate, compounded daily). In determining the rate, the Court "must be guided by the purpose of prejudgment interest, which is to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement." *Bio-Rad Labs., Inc. v. Nicolet Instr. Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). The discretion afforded to the district court also includes the latitude to select whether the rate is compounded. *Id.*; *see also Retractable Techs. Inc. v. Becton, Dickinson & Co.*, 2:07–CV–250, 2010 WL 9034910, at *2 (E.D. Tex. May 19, 2010) ("RTI is more likely to have had to borrow funds at the prime rate or higher . . . . A calculation of prejudgment interest at the Treasury Bill rate would be inadequate, and the Court exercises its discretion to select the prime rate, compounded annually.").

Courts routinely award prejudgment interest at the prime rate, and have declared awarding the prime rate to be the "standard practice." *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 2190055, at *8 (E.D. Tex. May 18, 2017) (Bryson, J., sitting by designation) (awarding the prime rate, compounded quarterly); *see also, e.g., W. Plastics, Inc. v. DuBose Strapping, Inc.*, No. 5:15-CV-294-D, 2020 WL 5752315, at *2 (E.D.N.C. Sept. 24, 2020), *aff'd*, No. 2021-1371, 2021 WL 5985361 (Fed. Cir. Dec. 17, 2021) (same); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2018 WL 1156284, at *9 (E.D. Tex. Mar. 5, 2018) (same); *Fujifilm Corp. v. Motorola Mobility LLC*, 182 F. Supp. 3d 1014, 1042 (N.D. Cal. 2016) (same*)*; *Philips Elecs. N. Am. Corp. v. Contec Corp.*, No. Civ.A. 02–123–KAJ, 2004 WL 1622442, at *2 (D. Del. July 12, 2004) (awarding the prime rate, compounded annually);

*DataTreasury Corp. v. Wells Fargo & Co.*, 2010 WL 5140718, at *6 (E.D. Tex. Sept. 27, 2010) (same); *Rehco LLC v. Spin Master Ltd.*, No. 13-cv-2245, 2020 WL 7025091, at *13 (N.D. Ill. Nov. 30, 2020) (same, and noting that "[i]n the Seventh Circuit, the prime rate is the 'benchmark for prejudgment interest'").

Consistent with this "standard practice," Dr. Sullivan has calculated prejudgment interest using the prime rate. *See* Sullivan Decl. ¶¶ 19-29. This rate is the "reference or base rate that banks use to set the price or interest rate on many of their commercial loans." *Id.* ¶ 19. Since the start of the relevant damages periods for both patents, the prime rate has been set between 3.25% and 5.28%. *See id.* ¶ 22; Ex. 5 (Bank Prime Loan Rate Chart).[3] The prime rate is an appropriate measure of prejudgment interest under the facts of this case, for at least two reasons.

***First***, awarding prejudgment interest at the prime rate would place Freescale in nearly as good an economic position as it would have been had Intel paid a royalty rather than infringe. Freescale was a "highly leveraged" company and had a practice of paying off its high-interest-rate debt, including by taking out new loans with preferable rates. Sullivan Decl. ¶¶ 17-18. Shortly after the hypothetical negotiations, Freescale took out 4.75%, 5.00%, and 6.00% loans and used the funds to pay down over $2 billion in existing loans with higher interest rates (*e.g.*, 9.25% and 10.25%) or otherwise inferior terms. *Id.* ¶¶ 14-15; Exs. 1-4 (Freescale 10-K Filings). Had Intel paid Freescale lump-sum royalties upfront, Freescale could have avoided taking out these new loans (at rates that exceeded the prime rate) and instead used the royalties to pay off its unwanted debt. Sullivan Decl. ¶ 18.

---

[3] Citations to "Ex." refer to exhibits attached to the Declaration of Charlotte J. Wen, filed concurrently herewith.

**Second**, awarding prejudgment interest at the prime rate would provide "complete compensation" to the patentee, as contemplated under Section 284. *Gen. Motors*, 461 U.S. at 655. Courts have reasoned that infringing conduct and failure to pay a royalty "deprive[s] [patentholders] of the choice of how to use that money," and accordingly, it is reasonable to treat the money "as a compelled loan from [plaintiff] to [defendant] and to value the loan at the rate that [defendant] would have been required to pay on the open market for the use of the money." *Erfindergemeinschaft*, 2017 WL 2190055, at *9. Judge Bryson's reasoning applies here as well: Freescale's debt rates during the prejudgment interest period exceed the prime rate, and were used to pay down loans with even higher interest rates. It would be unfair to award a lower rate of prejudgment interest than the prime rate because, if Intel had actually paid these royalties at the time of the hypothetical negotiations, Freescale could have avoided paying interest rates exceeding the prime rate.

In sum, VLSI respectfully requests an award of prejudgment interest applying the prime rate, compounded annually, as is routinely done in patent cases across the nation. Dr. Sullivan's calculations of prejudgment interest based on the prime rate are summarized in the tables below. *See* Sullivan Decl. ¶¶ 24-29, App. A-1 and A-2.

**Table 1: Prejudgment Interest Through January 31, 2022 Based On The Prime Rate, Compounded Annually**

| Patent | Prejudgment Interest |
|---|---|
| U.S. Patent No. 7,523,373 | $588,477,703 |
| U.S. Patent No. 7,725,759 | $258,192,964 |
| Total | $846,670,667 |

In addition, because judgment has not been entered, Dr. Sullivan has also calculated a daily estimate of interest accrual at the prime rate, compounded annually, for each day after January 31, 2022 until judgment is entered.

**Table 2: Daily Accrual Of Prejudgment Interest After January 31, 2022 Based On The Prime Rate, Compounded Annually**

| Patent | Daily Rate | Daily Amount |
|---|---|---|
| U.S. Patent No. 7,523,373 | 0.009% | $185,448 |
| U.S. Patent No. 7,725,759 | 0.009% | $82,864 |

### III. POSTJUDGMENT INTEREST

VLSI, as the prevailing party, is also entitled to postjudgment interest, which the Court should award in its final judgment. Postjudgment interest is governed by 28 U.S.C. § 1961.

> [T]he statutory formula is "the weekly average 1-year constant maturity Treasury yield ... for the calendar week preceding the date of the judgment." Interest is calculated from the date of entry of the judgment, is computed daily to the date of payment, and is compounded annually and otherwise follows the requirements of section 1961. The postjudgment interest rate is applied to the total amount of the judgment for damages plus prejudgment interest.

*Erfindergemeinschaft*, 2017 WL 2190055, at *10. VLSI thus requests that the Court's award of postjudgment interest be applied at the Treasury bill rate, compounded annually, from the date of entry of final judgment until the date of payment by Intel, based on the entire amount of the judgment, including attorneys' fees, costs, enhanced damages, and prejudgment interest. *Imperium*, 2017 WL 1716589, at *4.

### IV. CONCLUSION

VLSI respectfully requests awards of prejudgment and postjudgment interest as described above, and as supported by the accompanying Declaration of Ryan Sullivan, Ph.D.

Respectfully submitted,

Dated: February 1, 2022

By:     */s/ Andy Tindel*

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach (*pro hac vice*)
Iian D. Jablon (*pro hac vice*)

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)

Alan J. Heinrich (*pro hac vice*)
Ian Robert Washburn (*pro hac vice*)
Amy E. Proctor (*pro hac vice*)
Elizabeth C. Tuan (*pro hac vice*)
Dominik Slusarczyk (*pro hac vice*)
Charlotte J. Wen (*pro hac vice*)
Benjamin Monnin (*pro hac vice*)
Jordan Nafekh (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
etuan@irell.com
dslusarczyk@irell.com
cwen@irell.com
bmonnin@irell.com
jnafekh@irell.com

Babak Redjaian (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California  92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
bredjaian@irell.com

blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@swclaw.com
**STECKLER, WAYNE, COCHRAN, CHERRY, PLLC**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

*Attorneys for VLSI Technology LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via email, to all counsel of record, on February 1, 2022.

/s/ *Jordan Nafekh*
Jordan Nafekh

11063256